**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1788-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLIE R. RAINS,

    Defendant-Appellant.

_____

Submitted May 8, 2019 – Decided May 23, 2019

Before Judges Koblitz and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 16-12-1226.

Jeffrey E. Snow, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent (Kayla Elizabeth Rowe, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Willie R. Raines appeals from his November 8, 2017 conviction after a June 5, 2017 order denied his motion to dismiss the indictment against him alleging fourth-degree driving while suspended for a second offense of driving while intoxicated (DWI), N.J.S.A. 2C:40-26(b). Defendant pled guilty and was sentenced to one year of probation, to terminate with the expiration of his custodial sentence of 270 days in jail, 180 days without parole. In support of his appeal, he repeats his arguments made to the trial court: (1) he claims he was not afforded counsel for his first DWI conviction; (2) he was sentenced as a first offender for his second DWI conviction; (3) the court failed to advise defendant orally of the consequences of driving while on suspension for his second DWI conviction; and (4) at the time of his first DWI conviction, N.J.S.A. 2C:40-26(b) and N.J.S.A. 39:3-40 were not yet effective. We reject these arguments and affirm.

In October 1979, defendant was found guilty of DWI, N.J.S.A. 39:4-50, in Willingboro Township Municipal Court. Defendant claims he did not have counsel. On May 19, 2016, defendant, represented by counsel, pled guilty to his second DWI. At the request of the State, the municipal court treated defendant's second DWI as his first for sentencing purposes pursuant to N.J.S.A. 39:4-50(a)(3) because his second offense took place more than ten years after the

first.  The municipal court also relied on the State's two potential proof problems:  (1) the blood alcohol readings were .102 and .104, leaving open a .005 differential pursuant to State v. Chun, 194 N.J. 54, (2008) and (2) a possible problem with respect to changing the mouthpiece between the two readings.

On May 27, 2016, defendant was stopped for using his cell phone while driving, N.J.S.A. 39:4-97.3.  Defendant was issued a ticket for driving while his license was revoked, N.J.S.A. 39:3-40.  He was indicted for fourth-degree operating a motor vehicle during a period of license suspension for a second or subsequent DWI, N.J.S.A. 2C:40-26(b).

On June 5, 2017, after oral argument, the trial court denied defendant's motion to dismiss the indictment.  The following day, defendant pled guilty to the indictment, preserving his right to appeal the denial of his dismissal motion.[1] Defendant, who was fifty-seven years old and had graduated high school, explained that he drove due to an emergency.  A pipe burst in his ill mother's home, water was all over the floor, and he could not find anyone to give him a ride to assist her.

Defendant raises the following issues on appeal:

---

[1]  The judgment of conviction incorrectly states that defendant waived his right to appeal.  See R. 3:9-3(d).

A-1788-17T4

POINT I: THE DEFENDANT CANNOT BE SUBJECT TO AN INCREASED PERIOD OF INCARCERATION AS A RESULT OF HIS PRIOR UNCOUNSELED DWI CONVICTION IN 1979. (THE LEGAL ARGUMENT ON THIS POINT HAS BEEN EXPANDED IN LIGHT OF THE DECISION IN STATE V. FAISON).

POINT II: DEFENDANT WAS ENTITLED TO BE SENTENCED UNDER N.J.S.A. 39:3-40 AS OPPOSED TO N.J.S.A. 2C:40-26(b) FOLLOWING HIS MAY 19, 2016 CONVICTION FOR DRIVING WHILE UNDER THE INFLUENCE SINCE HE WAS SENTENCED AS A FIRST OFFENDER PURSUANT TO N.J.S.A. 39:4-50(a)(3).

POINT III: ON MAY 19, 2016, THE COURT FAILED TO PROPERLY ADVISE THE DEFENDANT OF THE CONSEQUENCES FOR DRIVING WHILE SUSPENDED FOLLOWING A SECOND (2ND) CONVICTION FOR DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL.

POINT IV: THE ENHANCED CRIMINAL STATUTE UNDER WHICH THE DEFENDANT WAS CONVICTED, AS WELL AS THE ENHANCED PENALTIES FOR DRIVING WHILE SUSPENDED FOLLOWING A CONVICTION FOR DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL DID NOT EXIST WHEN THE DEFENDANT WAS ORIGINALLY CONVICTED IN 1979.

We review a trial court's decision denying a defendant's motion to dismiss an indictment for an abuse of discretion. State v. Saavedra, 222 N.J. 39, 55

(2015). We do, however, decide legal issues such as those presented here de novo. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010).

I.

Defendant argues in Point I that because his first DWI conviction dates from 1979 and was uncounseled,[2] he should not have been sentenced to the mandatory jail term required upon conviction of operating a motor vehicle while on the suspended list for a second or subsequent DWI conviction.

Defendants charged with DWI are entitled to counsel. Rodriguez v. Rosenblatt, 58 N.J. 281, 285 (1971). A prior uncounseled DWI conviction may not be used to increase a defendant's custodial sentence for a subsequent DWI conviction. State v. Laurick, 120 N.J. 1, 4 (1990). It may, however, be used "to establish repeat-offender status under DWI laws." Ibid.

Our Supreme Court has held that an uncounseled DWI conviction, where defendant did not waive counsel, may not form the basis for enhanced DWI incarceration. State v. Hrycak, 184 N.J. 351, 354 (2004) (reaffirming its holding in Laurick and "revers[ing] and remand[ing] for a determination of whether defendant's first DWI conviction was uncounseled, and if so, the maximum jail

_____

[2] Defendant offers no evidence that he was not advised of his right to counsel prior to his first DWI conviction.

sentence that may be imposed shall not exceed the maximum jail sentence permitted for a second-time DWI offender").

The Court's decision in Hrycak applies to multiple DWI convictions under the motor vehicle statute, N.J.S.A. 39:4–50, not the criminal statute at issue here, N.J.S.A. 2C:40–26(b). State v. Sylvester, 437 N.J. Super. 1, 7 (2014). We recently held that where a defendant vacated a prior DWI for lack of counsel as a result of a successful petition for post-conviction relief, he was not guilty of N.J.S.A. 2C:40–26(b) because he had only one remaining DWI conviction at the time of the criminal trial. State v. Faison, 452 N.J. Super. 390, 395-96 (App. Div. 2017), certif. denied, 233 N.J. 229 (2018). Here, without proof, defendant claims his first DWI violated his Rodriguez right to counsel. Without successfully procuring the vacation of his 1979 DWI conviction, defendant had two prior DWI convictions at the time of his 2017 guilty plea and qualified for the mandatory jail sentence imposed for driving while on the suspended list after two DWI convictions.

## II.

In Point II defendant argues that his qualification for lenient sentencing under the step-down provision of N.J.S.A. 39:4-50(a)(3) rendered him a first-time offender. Defendant maintains that he could not be guilty under N.J.S.A.

6

2C:40-26(b) because that statute applies only to second or subsequent DWI offenders. Defendant's argument is contrary to the unambiguous language of N.J.S.A. 39:4-50(a)(3) and creates a false connection between that statute and N.J.S.A. 2C:40-26(b).

A person is guilty under N.J.S.A. 2C:40-26(b) of fourth-degree operating a motor vehicle during a period of license suspension "if the actor's license was suspended or revoked for a second or subsequent violation of" motor vehicle statute N.J.S.A. 39:4-50. N.J.S.A. 39:4-50(a)(3) provides that "if the second offense occurs more than [ten] years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes . . . ."

"It is well settled that the goal of statutory interpretation is to ascertain and effectuate the Legislature's intent." In re Estate of Fisher, 443 N.J. Super. 180, 190 (App. Div. 2015) (quoting State v. Olivero, 221 N.J. 632, 639 (2015)). "Our analysis of a statute begins with its plain language, giving the words their ordinary meaning and significance." Ibid.

N.J.S.A. 39:4-50(a)(3) unambiguously states that the leniency in sentencing afforded a second-time DWI offender under the step-down provision is "for sentencing purposes" only, and that the second DWI is considered as a "second offense" and a "second conviction." Ibid. The step-down provision

does not reduce the number of DWIs defendant committed. See State v. Revie, 220 N.J. 126, 139 (2014) (observing that the step-down provision of N.J.S.A. 39:4-50(a)(3) affects the imposition of a custodial sentence under the DWI motor vehicle statute, not the number of convictions for administrative penalties).

Even though he was sentenced as a first offender under the motor vehicle provisions, the 2016 DWI conviction clearly and unambiguously constituted defendant's second DWI conviction. During the period of license suspension following this second conviction, defendant drove. He was thus properly convicted under N.J.S.A. 2C:40-26(b).

## III.

Defendant argues that the municipal court failed to follow N.J.S.A. 39:4-50(3)(c) by not orally notifying him "of what charge(s) he would face if he chose to drive" after his second DWI conviction on May 19, 2016. Defendant maintains that the only notice he received was the "ambiguous" notice contained in the notification of penalties form, "that each [d]efendant is asked to sign, not necessarily read, following their conviction for driving while under the influence of alcohol."

A-1788-17T4

By signing the notification of penalties form, defendant confirmed that he was put on notice of the consequences for driving with a suspended license, and whether defendant was orally informed by the municipal court is irrelevant, nor is ignorance of the penalties a defense to criminal behavior.

IV.

Defendant argues in Point IV that because the enhancement provision under motor vehicle statute N.J.S.A. 39:3-40 and criminal statute N.J.S.A. 2C:40-26(b) did not become effective until after his first DWI conviction in 1979, his conviction under the criminal statute should be reversed. Despite the fact that a second DWI conviction is a prerequisite to the mandatory 180-day incarceration period, "[d]efendant is not being punished under N.J.S.A. 2C:40-26(b) for his prior DWI . . . offense[]; he is being punished for driving without a license. . . ." State v. Carrigan, 428 N.J. Super. 609, 624 (App. Div. 2012). In Carrigan, we determined that N.J.S.A. 2C:40-26(b) applies to recidivist DWI offenders driving during a period of license suspension irrespective of whether or not the DWI offenses occurred before the effective date of N.J.S.A. 2C:40-26(b). Id. at 613. Defendant's arguments are without merit and we therefore affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION