NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5192-12T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SUZANNE SYLVESTER,

    Defendant-Appellant.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| June 17, 2014 |
| APPELLATE DIVISION |

Argued September 18, 2013 — Decided March 10, 2014

Before Judges Fuentes, Simonelli and Haas.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 12-07-00511.

Joseph B. Truland, Jr., argued the cause for appellant.

Annemarie L. Mueller, Assistant Prosecutor, argued the cause for respondent (Geoffrey D. Soriano, Somerset County Prosecutor, attorney; Ms. Mueller, of counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant Suzanne Sylvester was tried before the Law Division, Criminal Part in Somerset County on one count of fourth degree driving while her license was suspended or revoked for a second or subsequent conviction for operating a motor

vehicle while under the influence of alcohol (DWI), N.J.S.A. 2C:40-26b. Defendant waived her constitutional right to a trial by jury, and agreed to be tried before Judge Robert B. Reed, acting as the trier of fact.

Based on facts stipulated by defendant and the State on the record, Judge Reed found defendant guilty and sentenced her to a three-year term of probation subject to a mandatory minimum term of 180 days incarceration[1] without parole, and imposed other statutorily required fines and penalties.[2]

In this appeal, defendant's principal arguments are predicated on collaterally attacking the legal viability of the Title 39 convictions that formed the underlying basis for criminal culpability under N.J.S.A. 2C:40-26b. We reject these arguments and affirm. We gather the following facts from the record developed before the trial court.

I

On April 19, 2013, defendant appeared before Judge Reed represented by private counsel. The Assistant Prosecutor representing the State and defense counsel informed the court

---

[1] By order dated July 11, 2013, we granted defendant's motion and stayed the execution of the custodial term pending the outcome of this appeal.

[2] The trial court also merged defendant's conviction of the parallel offense under Title 39 of driving while her license was suspended. N.J.S.A. 39:3-40.

that they had agreed to submit on stipulated facts, "and therefore, no witnesses regarding the stipulations are required to testify at trial." The Assistant Prosecutor then placed the following stipulated facts on the record:

> First, on March 25th of 2012, defendant Susan [sic] Sylvester was knowingly driving her motor vehicle on Route 206 in Peapack-Gladstone, New Jersey. She pulled to the side of the road. Officer Anthony Damiano from the Peapack-Gladstone Police Department pulled behind the defendant. Defendant told Officer Damiano that she was driving and had run out of gas.
>
> Second. Officer Damiano learned that defendant's driver's license was currently suspended for a DWI conviction. On February 17th of 2011, defendant was convicted in Mendham Municipal Court of DWI in violation of N.J.S.A. 39:4-50. She was sentenced to a two-year loss of driver's license. That driver's license suspension began on February 17th, 2011 and was to end on February 17th, 2013.
>
> [Third.] Defendant knew her driver's license was suspended for a second or subsequent DWI conviction when she operated her motor vehicle in Peapack-Gladstone on March 25th of 2012.
>
> [Fourth.] The February 17th, 2011, DWI conviction was the defendant's third DWI conviction. She was previously convicted of DWI on September 16th, 1992, out of Branchburg, New Jersey, and again on April 2, 1991, out of Mendham, New Jersey.
>
> [Fifth.] On July 12th, 2012, defendant was indicted in Somerset County for operating a motor vehicle during a period of license

> suspension, fourth degree, in violation of N.J.S.A. 2C:40-26(b).
>
> [Sixth.] On August 15th of 2012, defendant filed a Post-Conviction Relief Motion in the Mendham Municipal Court seeking to vacate the February 17th, 2011, DWI conviction. The motion was granted on September 22nd, 2012. Defendant repled [sic] to the DWI charge that day, and her license was suspended for two years beginning September 22nd, 2012.

The State also moved into evidence a number of exhibits which mostly involved documents establishing defendant's history of Title 39 violations. We decline to list each of these items because, with one exception, this evidence is not relevant to the issues raised in this appeal. The one exception noted was exhibit "S-3", which was admitted into evidence by the trial court without objection. S-3 is the Notification of Penalties for Subsequent DWI or Driving on the Revoked List dated February 17, 2011.

Against this stipulated record, defendant, through her counsel, moved to dismiss the indictment, or for a finding of not guilty as a matter of law. Defense counsel argued to Judge Reed that the post-conviction relief granted by the Mendham Municipal Court, which vacated the February 17, 2011 DWI conviction, voided that conviction ab initio, precluding the State from relying on this conviction to meet its burden of proof under N.J.S.A. 2C:40-26b. Stated differently, because the

Mendham Municipal Court found sufficient grounds to vacate defendant's February 17, 2011 DWI conviction, the sentence imposed as a result of this invalid conviction, the suspension of defendant's driver's license, was likewise nullified and cannot be used by the State to meet its burden of proof under N.J.S.A. 2C:40-26b., to wit, that defendant was driving her car with a validly suspended license.

Applying the standards established by the Court in State v. Reyes, 50 N.J. 454, 458-59 (1967), and Rule 3:18-1, Judge Reed denied defendant's motion to dismiss the indictment or alternatively to enter a judgment of acquittal as a matter of law. Judge Reed found that

> the proofs at the end of the State's case plainly permit a reasonable fact finder directly or by way of inference to conclude beyond a reasonable doubt that . . . on and before [March 25,] 2012 [defendant's] driving privilege was suspended by reason of her second or subsequent conviction of [DWI].
>
> Further, that the defendant did, knowing that her driving privileges was suspended by reason of those prior convictions, or the last of them, did knowingly operate her motor vehicle within the jurisdiction of this Court during the period of license suspension knowing that the license was suspended.

As these findings show, S-3 in evidence (the Notification of Penalties for Subsequent DWI or Driving on the Revoked List

dated February 17, 2011) played no role in Judge Reed's analysis and ultimate conclusion to deny defendant's Rule 3:18-1 motion to dismiss. S-3 was noted by Judge Reed only in the context of the following colloquy with defense counsel:

> THE COURT: All right Let me ask you this as a matter of law . . .
>
> Is it the defendant's position that S-3 was legally deficient in that it did not advise the defendant of the additional penalty of a fourth degree crime should she be convicted of driving on the revoked list?
>
> DEFENSE COUNSEL: Yes.
>
> THE COURT: Now, <u>the reason I ask that question is I wonder out loud, and I expect although nobody's raised it yet it might be a subject of some discussion in the Appellate Division</u>, [N.J.S.A.] 2C:40-26, the statute under which Ms. Sylvester is now being prosecuted, was enacted on January 18, 2010, prior to her March 25, 2012, operation of the motor vehicle. It did not, however, become effective until the first day of the . . . month thereafter, which means it became effective on - -
>
> DEFENSE COUNSEL: September 2011.
>
> THE COURT: - - September 2011. That might suggest, on the one hand, if the defendant was on notice of the additional penalty if she drove. On the other hand, it might indicate that the State was under an obligation to advise her of it. The significance of that bit of information will be left to my colleagues in the Appellate Division to discuss and discern.
>
> [(Emphasis added).]

Judge Reed supplemented his oral findings in a memorandum of opinion in which he described in more detail the legal basis for his decision to deny defendant's motion to dismiss.

Defendant now appeals raising the following arguments.

POINT I

THE CONVICTION MUST BE VACATED-DEFENDANT'S DRIVING PRIVILEGE WAS SUSPENDED BY AN ILLEGAL OR UNCONSTITUTIONALLY IMPOSED COURT ORDER.

POINT II

THE DEFENDANT'S MOTION FOR A NOT GUILTY FINDING AT THE END OF THE STATE'S CASE AT TRIAL PURSUANT TO R. 3:18-1 SHOULD HAVE BEEN GRANTED.

POINT III

THE DEFENDANT'S CONVICTION FOLLOWING TRIAL MUST BE REVERSED-THE STATE FAILED TO PROVE EACH AND EVERY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT.

POINT IV

THE CONVICTION MUST BE REVERSED-DEFENDANT WAS ADVISED BY THE STATE THAT HER ACTIONS WERE IN VIOLATION OF N.J.S.A. 39:3-40 ONLY, NOT THE INDICTABLE OFFENSE OF N.J.S.A. 2C:40-26b.

POINT V

THE DEFENDANT MAY NOT BE SENTENCED TO A MANDATORY JAIL TERM DUE TO THE GRANTING OF A "LAURICK" ORDER FOR THE PREDICATE DWI CONVICTION.

We use the same legal standards employed by Judge Reed to determine the legal sufficiency of defendant's motion to dismiss the indictment or for a judgment of acquittal under Rule 3:18-1. State v. Moffa, 42 N.J. 258, 263 (1964). Under the standard established by the Supreme Court in Reyes, we must determine "whether, viewing the State's evidence in its entirety . . . and giving the State the benefit of all its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom, a reasonable jury could find guilt . . . beyond a reasonable doubt." Reyes, supra, 50 N.J. at 459. Applying this standard to the undisputed facts of this case, we are in complete agreement with Judge Reed's decision to deny defendant's motion and enter a judgment finding her guilty of violating N.J.S.A. 2C:40-26b. The record stipulated by the parties shows defendant drove her car on March 25, 2012, knowing that her driving privileges had been suspended for two years approximately nineteen months earlier, on February 17, 2011.

Defendant nevertheless argues, as she did before Judge Reed, that the post-conviction relief granted by the Mendham Municipal Court vacating her February 17, 2011 DWI conviction voided that conviction ab initio, thus precluding the State from relying on this conviction to meet its burden of proof under

N.J.S.A. 2C:40-26b. This argument is without merit. As our Supreme Court has made clear:

> We insist on compliance with judicial orders to promote order and respect for the judicial process. Compliance is required, under pain of penalty, unless and until an individual is excused from the order's requirements. Thus, as long as a court order exists and a defendant has knowledge of it, the defendant may be prosecuted for a violation thereof, regardless of its deficiencies.
>
> [State v. Gandhi, 201 N.J. 161, 190 (2010) (internal citations omitted).]

We must emphasize that defendant stipulated she knew her license was suspended pursuant to a presumptively valid court order when she drove her car on March 25, 2012. Defendant has not come forward with any explanation that would mitigate her decision to defy this order by driving her car on the day in question. This was not a case in which an unforeseen emergency compelled defendant to undertake a course of action that she would not have taken under ordinary circumstances. Absent any mitigation, her actions can be reasonably characterized as contemptuous of the court's authority. As Judge Reed correctly noted in his memorandum of opinion, "[a]llowing a defendant to evade prosecution by going back to the municipal court and having the underlying conviction vacated would frustrate the legitimacy of legislation and reliability of court orders."

Defendant's reliance on the post-conviction remedy fashioned by the Court in State v. Laurick, 120 N.J. 1 cert. denied, 498 U.S. 967, 111 S. Ct. 429, 112 L. Ed. 2d 413 (1990), to address un-counseled DWI convictions[3] is equally unavailing. The Court's remedy in Laurick applied only to the custodial term required for repeat offenders in a DWI conviction under N.J.S.A. 39:4-50. Id. at 16. This inapplicable here because defendant was convicted of a fourth degree offense for violating N.J.S.A. 2C:40-26b.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We vacate our order dated July 11, 2013, staying the execution of the mandatory custodial term ordered by the trial court under N.J.S.A. 2C:40-26b, and order defendant to surrender to the Warden of the Somerset County Correctional Facility within three calendar days of the date this opinion is formally decided, or to such other facility or location designated by the Somerset County Prosecutor's Office.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] We do not know the underlying legal basis relied on by the Mendham Municipal Court to support the post-conviction relief awarded to defendant because defendant did not provide us with a transcript of those proceedings as part of this appellate record.

A-5192-12T4