NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3031-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

GREGORY DIXON,

 Defendant-Appellant.
_________________________

 Submitted May 23, 2017 — Decided June 21, 2017

 Before Judges Koblitz and Rothstadt.

 On appeal from the Superior Court of New
 Jersey, Law Division, Camden County,
 Indictment Nos. 15-11-3334 and 15-11-3357.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Michele A. Adubato, Designated
 Counsel, on the brief).

 Mary Eva Colalillo, Camden County Prosecutor,
 attorney for respondent (Nancy P. Scharff,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM
 Defendant Gregory Dixon entered into a plea agreement where

he pled guilty to two indictments charging, on separate dates and

locations, the fourth-degree crime of driving while his license

was suspended for a second conviction of operating a motor vehicle

while under the influence of alcohol (DWI), pursuant to N.J.S.A.

2C:40-26(b). The State agreed to recommend that he serve the two

mandatory 180-day jail sentences concurrently. Defendant appeals

only the custodial sentence, which he has now completed.1 We

dismiss the appeal as moot, but briefly discuss the merits.

 Defendant raised the following points on appeal:

 POINT I: THE USE OF 35 YEAR OLD UNCOUNSELED
 DWI CONVICTION TO SENTENCE DEFENDANT TO A
 MANDATORY 180 DAY SENTENCE UNDER N.J.S.A.
 2C:40-26 (b) WAS AN ILLEGAL SENTENCE AND MUST
 BE VACATED.

 POINT II: THE DOCTRINE OF FUNDAMENTAL FAIRNESS
 MANDATES THAT DEFENDANT'S 180 DAY CUSTODIAL
 SENTENCE BE VACATED.

 "An issue is 'moot' when the decision sought in a matter,

when rendered, can have no practical effect on the existing

controversy." Greenfield v. N.J. Dep't of Corrs., 382 N.J. Super.

254, 257-58 (App. Div. 2006) (internal quotation marks and citation

omitted). "[O]ur courts normally will not entertain cases when a

controversy no longer exists and the disputed issues have become

1
 Defendant sought a stay of sentence pending appeal, which we
denied on April 7, 2016. Our Supreme Court denied a stay again
two days later.
 2 A-3031-15T4
moot." De Vesa v. Dorsey, 134 N.J. 420, 428 (1993). We generally

do not render advisory decisions retrospectively opining about the

legality of matters that have already been resolved, for

"[o]rdinarily, our interest in preserving judicial resources

dictates that we not attempt to resolve legal issues in the

abstract." Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330

(1996). Defendant's objection to his 180-day jail sentence is

rendered moot because he already served it.

 However, we briefly review the facts and law, as we did in

our order denying a stay, for the sake of completeness. On

February 29, 1980, defendant was convicted of driving while

intoxicated (DWI), N.J.S.A. 39:4-50, without counsel present. He

was convicted of the same offense again in May 2014 and his

driver's license was suspended for seven months. During that

suspension, he was charged with the two crimes at issue here.

 In State v. Sylvester we held that the defendant's reliance

on the post-conviction remedy fashioned by our Supreme Court in

State v. Laurick, 120 N.J. 1, cert. denied, 498 U.S. 967, 111 S.

Ct. 429, 112 L. Ed. 2d 413 (1990), addressing un-counseled DWI

convictions, could not be used to collaterally attack a conviction

for driving while suspended. 437 N.J. Super. 1, 7 (App. Div.

2014). We stated: "The Court's remedy in Laurick applied only to

the custodial term required for repeat offenders in a DWI

 3 A-3031-15T4
conviction under N.J.S.A. 39:4-50" and not a sentence imposed for

violating N.J.S.A. 2C:40-26(b). Ibid.

 Defendant admitted he knew his license was suspended on both

occasions when he drove. The propriety of that suspension based

on a potential collateral attack on one of the underlying DWI

offenses is not relevant.

 Dismissed as moot.

 4 A-3031-15T4