NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3629-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent, APPROVED FOR PUBLICATION

 November 29, 2017
v.
 APPELLATE DIVISION
LEON FAISON,

 Defendant-Appellant.
——————————————————————————————

 Submitted October 17, 2017 – Decided November 29, 2017

 Before Judges Reisner, Hoffman and Gilson.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Indictment No.
 13-11-2820.

 Fusco & Macaluso Partners, LLC, attorneys
 for appellant (Amie E. DiCola, on the
 brief).

 Robert D. Laurino, Acting Essex County
 Prosecutor, attorney for respondent (Stephen
 A. Pogany, Special Deputy Attorney
 General/Acting Assistant Prosecutor, on the
 brief).

 The opinion of the court was delivered by

HOFFMAN, J.A.D.

 Defendant Leon Faison appeals from a March 18, 2016

judgment of conviction for operating a motor vehicle while his

license was suspended for a second or subsequent driving while
intoxicated (DWI) conviction, N.J.S.A. 2C:40-26(b). He also

appeals from a June 19, 2015 order denying his motion to dismiss

the indictment. For the reasons that follow, we reverse and

remand for further proceedings consistent with this opinion.

 I

 In 2010, police charged defendant with DWI on two separate

dates, September 26 and October 16, both times in Bloomfield

Township. Defendant retained the services of an attorney who

failed to appear in court multiple times. This attorney filed a

motion to withdraw as counsel on May 11, 2011; however, on May

24, 2011, when defendant appeared to enter a plea to each

charge, the court instructed the withdrawing attorney1 to

represent defendant, against the wishes of both defendant and

the attorney. According to defendant, the attorney advised him

to plead guilty to both DWI charges and he reluctantly complied.

Accordingly, the municipal court suspended defendant's license

for two years on the second conviction.

 On August 25, 2012, police charged defendant with DWI and

driving with a suspended license. Regarding the same incident,

a grand jury indicted defendant in November 2013, charging him

1
 It appears the withdrawing attorney was in the courtroom for
another case; in light of his pending motion to withdraw, it
further appears he was not prepared to represent defendant on
either charge.

 2 A-3629-15T4
with fourth-degree driving during a period of license suspension

for a second or subsequent DWI conviction, N.J.S.A. 2C:40-26(b).

 On April 3, 2014, defendant filed a petition for post-

conviction relief (PCR) for the two DWI convictions entered on

May 24, 2011. Ultimately, on November 14, 2014, the Law

Division vacated both DWI convictions after the Bloomfield

Municipal Court could not produce a transcript of the May 24,

2011 proceedings, "due to technical errors," and an attempt to

recreate the record proved unsuccessful. The same order

remanded both charges to the municipal court for trial.

 On February 3, 2015, defendant appeared in municipal court

for trial on the remanded charges. After the court dismissed

the September 26, 2010 DWI charge, defendant entered a guilty

plea to the October 16, 2010 DWI charge.

 Thereafter, defendant filed a motion to dismiss the

indictment charging him with violating N.J.S.A. 2C:40-26(b).

After the Law Division denied his motion, defendant stipulated

to a bench trial and the judge found him guilty as charged.

Pursuant to N.J.S.A. 2C:40-26(c), the judge sentenced defendant

to the mandatory minimum 180 days in the county jail, but stayed

his sentence pending this appeal.

 Defendant presents the following argument in support of his

appeal:

 3 A-3629-15T4
 THE COURT SHOULD REVERSE MR. FAISON'S FINAL
 JUDGMENT OF CONVICTION, AND FURTHER REVERSE
 THE DENIAL OF MR. FAISON'S MOTION TO DISMISS
 OR REMAND, AS THE HOLDING OF STATE V.
 SYLVESTER IS INAPPLICABLE TO THE MATTER AT
 HAND AS THAT HOLDING DICTATES AN
 UNCONSTITUTIONAL AND UNJUST RESULT WHEN
 APPLIED TO THE FACTS OF THIS MATTER.

 II

 "A trial court . . . should not disturb an indictment if

there is some evidence establishing each element of the crime to

make out a prima facie case." State v. Morrison, 188 N.J. 2, 12

(2006). However, the absence of evidence to establish an

element of the charged offense renders an indictment "'palpably

defective' and subject to dismissal." Ibid. (citing State v.

Hogan, 144 N.J. 216, 228-29, (1996)). "[O]ur review of a trial

judge's legal interpretations is de novo." State v. Eldakroury,

439 N.J. Super. 304, 309 (App. Div.) (citing State v. Grate, 220

N.J. 317, 329-30 (2015); State v. Drury, 190 N.J. 197, 209

(2007)), certif. denied, 222 N.J. 16 (2015).

 The sole issue on appeal is the trial court's

interpretation of the applicable provisions of N.J.S.A. 2C:40-

26, which state:

 b. It shall be a crime of the fourth
 degree to operate a motor vehicle during the
 period of license suspension in violation of
 [N.J.S.A. 39:3-40], if the actor's license
 was suspended or revoked for a second or
 subsequent violation of [N.J.S.A. 39:4-50 or
 N.J.S.A. 39:4-50.4(a)]. A person convicted

 4 A-3629-15T4
 of an offense under this subsection shall be
 sentenced by the court to a term of
 imprisonment.

 c. Notwithstanding the term of
 imprisonment provided under [N.J.S.A. 2C:43-
 6] and the provisions of subsection e. of
 [N.J.S.A. 2C:44-1], if a person is convicted
 of a crime under this section the sentence
 imposed shall include a fixed minimum
 sentence of not less than 180 days during
 which the defendant shall not be eligible
 for parole.

 The Law Division judge relied on State v. Sylvester, 437

N.J. Super. 1 (App. Div. 2014), in finding defendant guilty of

driving while his license was suspended for a second or

subsequent DWI conviction. However, we hold the case under

review distinguishable from Sylvester. We therefore reverse and

remand for further proceedings.

 In Sylvester, the defendant had three prior DWI

convictions. Id. at 3. Upon her third DWI conviction in 2011,

the court suspended the defendant's license for two years. 2

Ibid. In 2012, while the defendant's license remained

suspended, she operated a motor vehicle and was indicted for

violating N.J.S.A. 2C:40-26(b). Ibid. The defendant then

successfully filed for PCR regarding her 2011 DWI conviction,

2
 Because defendant's second DWI conviction occurred more than
ten years before her third conviction, the court treated the
third conviction as a second conviction for sentencing purposes.
See N.J.S.A. 39:4-50(a)(3).

 5 A-3629-15T4
and the court vacated that conviction. Ibid. However, before

the defendant went to trial on the N.J.S.A. 2C:40-26(b) charge,

she again plead guilty to the 2011 DWI charge, and the court

once again suspended her license for two years. Ibid.

 At her trial, the defendant argued she was not guilty of

violating N.J.S.A. 2C:40-26(b), asserting her license was not

validly suspended at the time of the alleged offense because the

conviction was subsequently vacated. Id. at 4. The trial court

rejected this argument and reasoned that on the date the

defendant drove, her license was suspended and she was aware of

the suspension. Ibid. The court therefore denied the

defendant's motion to dismiss the indictment and found her

guilty of violating N.J.S.A. 2C:40-26(b), and we affirmed. Id.

at 7-8.

 The facts here are distinguishable from Sylvester because,

by the time of defendant's trial on the N.J.S.A. 2C:40-26(b)

charge, he had only one prior DWI conviction. Here, defendant

initially plead guilty to two DWI charges. Like Sylvester,

defendant obtained PCR, vacating his DWI convictions. However,

unlike Sylvester, defendant was not re-convicted of both DWI

charges; the court dismissed one and he plead guilty to the

other. Therefore, at the time the Law Division convicted

defendant of violating N.J.S.A. 2C:40-26(b), his second DWI

 6 A-3629-15T4
conviction had been vacated. Accordingly, the State could not

prove an element of the crime charged — a second DWI conviction

— a prerequisite to the mandatory 180-day incarceration period

imposed by N.J.S.A. 2C:40-26(b) and (c).

 Our holding is consistent with State v. Laurick, 120 N.J.

1, 16, cert. denied, 498 U.S. 967, 111 S. Ct. 429, 112 L. Ed. 2d

413 (1990), where our Supreme Court held "a prior uncounseled

DWI conviction may establish repeat-offender status for purposes

of the enhanced penalty provisions of the DWI laws"; however, "a

defendant may not suffer an increased period of incarceration as

a result of . . . an uncounseled DWI conviction." The court

provided guidance for future cases, stating that unless the lack

of counsel results in a "miscarriage of justice," the court

should not grant relief. Id. at 10.

 Here, we conclude that convicting defendant of driving

while suspended for a second or subsequent DWI conviction when

he only has one prior DWI conviction would constitute a

miscarriage of justice. Furthermore, sentencing defendant to

the minimum imprisonment of 180 days under N.J.S.A. 2C:40-26(c)

would bring about "an increased period of incarceration as a

result of . . . an uncounseled DWI conviction." See Laurick,

supra, 120 N.J. at 16. Although counsel technically represented

defendant, the representation was allegedly ineffective, and the

 7 A-3629-15T4
Law Division later vacated both convictions and the municipal

court then dismissed one of the two prior DWI charges.

 Although we concluded, under the facts of Sylvester, that

Laurick applied only to N.J.S.A. 39:3-40 and did not extend to

N.J.S.A. 2C:40-26, Sylvester, supra, 437 N.J. Super. at 7, we

find the facts under review markedly different. Here, defendant

initially entered guilty pleas to both DWI charges. However,

the Law Division vacated those pleas and the municipal court

dismissed one of the charges, resulting in only one DWI

conviction at the time the Law Division found him guilty of

driving while suspended for a second or subsequent DWI

conviction. By contrast, in Sylvester, the defendant re-entered

her guilty plea to the DWI charge at a later date. Id. at 3.

As a result, she had the same number of prior DWI convictions at

the time the court found her guilty of violating N.J.S.A. 2C:40-

26(b) as she had on the date of her offense. Because one of

defendant's two prior DWI convictions was vacated and not later

reinstated, we reverse defendant's conviction for driving while

suspended for a second or subsequent DWI conviction under

N.J.S.A. 2C:40-26(b).

 We note the Law Division also found defendant guilty of the

lesser charge of driving while suspended under N.J.S.A. 39:3-40.

While we have not been provided with defendant's sentencing

 8 A-3629-15T4
transcript, we assume the judge merged the N.J.S.A. 39:3-40

conviction into the N.J.S.A. 2C:40-26(b) conviction. Before

us, defendant concedes "he should be made subject to [N.J.S.A.

39:3-40] given the dismissal of his previous DWI and the State's

inability to prove every element of N.J.S.A. 2C:40-26(b)." We

agree and therefore remand for the Law Division to sentence

defendant on the N.J.S.A. 39:3-40 conviction.

 Reversed and remanded. We do not retain jurisdiction.

 9 A-3629-15T4