**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0861-18T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

MICHAEL A. KONECNY,

      Defendant-Appellant.

_____

> Argued December 12, 2019 – Decided August 20, 2020
>
> Before Judges Alverez and Suter.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 17-07-0941, Accusation Nos. 18-04-0504 and 18-04-0505.
>
> Albert P. Mollo argued the cause for appellant.
>
> Maura Kathryn Tully, Assistant Prosecutor, argued the cause for respondent (Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney; Maura Kathryn Tully, of counsel and on the brief).

PER CURIAM

Defendant Michael Konecny appeals his October 23, 2018 sentence for fourth-degree operating a motor vehicle during a period of license suspension, N.J.S.A. 2C:40-26(b). He contends based on State v. Laurick, 120 N.J. 1 (1990)[1], the 180-day custodial portion of the sentence is improper.

I.

In 1986 and 1999, defendant was convicted of driving while under the influence, N.J.S.A. 39:4-50. He was convicted in 2016 of refusing to submit to testing, N.J.S.A. 39:4-50.4a, and his driver's license was suspended for two years. While his license was suspended, he was stopped three separate times for driving with a suspended license. These included an April 6, 2017 stop in Allenhurst, an April 25, 2017 stop in Keansburg, and another stop in Keansburg on March 20, 2018. On April 16, 2018, defendant pleaded guilty to three charges of operating a motor vehicle during a period of license suspension, N.J.S.A. 2C:40-26(b). For each offense, defendant acknowledged that at the time he operated his vehicle, he knew his license was suspended.

Defendant filed petitions for post-conviction relief (PCR) regarding the 1999 DWI and 2016 refusal conviction alleging ineffective assistance of

---

[1] An uncounseled prior driving while under the influence (DWI) conviction may not be used to increase a defendant's custodial term for a second or subsequent DWI. Laurick, 120 N.J. at 17.

A-0861-18T3

counsel, and seeking relief under Laurick. He did not seek PCR relief for the 1986 DWI conviction.

In July 2018—after pleading guilty to operating a motor vehicle while suspended, but prior to sentencing—he was granted PCR relief for the 1999 DWI and the 2016 refusal.[2] Both orders provided the "conviction may not be used to enhance any subsequent conviction of N.J.S.A 39:3-40 or N.J.S.A. 2C:40-26 pursuant to [Laurick]."

On October 23, 2018, defendant was sentenced on the driving while suspended offenses to concurrent terms of two years' probation and 180 days in jail in the Monmouth County Correctional Institution (MCCI) with 180 days of parole ineligibility on each offense, plus appropriate fines and penalties. Other motor vehicle charges stemming from these offenses were dismissed.

The trial judge rejected defendant's request that he apply Laurick on the N.J.S.A. 2C:40-26(b) charges. He found Laurick was "inapplicable" because "there is a distinction between an enhanced sentence under [a] Title 39 offense such as a 39:4-50 or a 39:3-40 as opposed to a mandatory minimum sentence under 2C:40-26." N.J.S.A. 2C:40-26 was a "mandatory minimum sentence," and not an "enhanced sentence." The court provided defendant the opportunity

---

[2] Transcripts of those proceedings were not provided to us.

"to request to vacate the plea agreement so that he could go back to municipal court and attempt to vacate the prior convictions" but defendant declined to do so, seeking only relief related to Laurick.

The trial court denied a stay of the custodial sentence and bail, but we granted an emergent stay of the jail sentence on October 26, 2018, remanding the case for the limited purpose of setting the conditions of bail pending appeal.

On appeal, defendant raises these issues:

> SENTENCING APPELLANT TO IMPRISONMENT OF 180 DAYS UNDER N.J.S.A. 2C:40-26 WOULD BRING ABOUT AN INCREASED PERIOD OF INCARCERATION AS A RESULT OF AN UNCOUNSELED DWI CONVICTION
>
> 1. The Meaning of State v. Laurick
>
> 2. The Appellate Division Has Extended Laurick Relief to N.J.S.A. 2C:40-26
>
>> a. State v. Faison
>>
>> b. Distinguishing State v. Sylvester

## II.

We review a judge's sentencing decision under an abuse of discretion standard. State v. Fuentes, 217 N.J. 57, 70 (2014). We give deference "to the factual findings of the trial court so long as those findings are supported by sufficient evidence in the record." State v. Zalcberg, 232 N.J. 335, 344 (2018)

4

(quoting State v. Hubbard, 222 N.J. 249, 262 (2015)).  However, our review of "purely legal conclusions" is plenary.  State v. Goodman, 415 N.J. Super. 210, 225 (App. Div. 2010).  That said, "the judiciary has no power . . . to mete out a punishment in excess of that prescribed by the Legislature, or to lessen or reduce a sentence where the Legislature has provided a mandatory penalty."  State v. Bausch, 83 N.J. 425, 433 (1980) (citations omitted).  This is a legal issue requiring our de novo review.

On April 16, 2018, defendant pleaded guilty to three separate violations of driving during a period of suspension under N.J.S.A. 2C:40-26(b).  The statute provides:

> b.  It shall be a crime of the fourth degree to operate a motor vehicle during the period of license suspension in violation of R.S.39:3-40, if the actor's license was suspended or revoked for a second or subsequent violation of R.S.39:4-50 or section 2 of P.L.1981, c. 512 (C.39:4-50.4a).  A person convicted of an offense under this subsection shall be sentenced by the court to a term of imprisonment.
>
> [N.J.S.A. 2C:40-26(b).]

There is no question this statute applied.  Defendant was operating a motor vehicle while his license was suspended.  And, the suspension was for a "second

A-0861-18T3

or subsequent violation" of N.J.S.A. 39:4-50 (DWI) or N.J.S.A. 39:4-50.4a (refusal).

A person convicted under N.J.S.A. 2C:40-26 is subject to a minimum period of incarceration. The statute provides:

> c. Notwithstanding the term of imprisonment provided under N.J.S.2C:43-6 and the provisions of subsection e. of N.J.S.2C:44-1, if a person is convicted of a crime under this section the sentence imposed shall include a fixed minimum sentence of not less than 180 days during which the defendant shall not be eligible for parole.
>
> [N.J.S.A. 2C:40-26(c).]

Subsection c applies whether the conviction is under subsection a[3] of the statute, which does not require a second violation of the DWI statute, or subsection b,

---

[3] N.J.S.A. 2C:40-26(a) provides:

> a. It shall be a crime of the fourth degree to operate a motor vehicle during the period of license suspension in violation of R.S.39:3-40, if the actor's license was suspended or revoked for a first violation of R.S.39:4-50 or section 2 of P.L.1981, c. 512 (C.39:4-50.4a) and the actor had previously been convicted of violating R.S.39:3-40 while under suspension for that first offense. A person convicted of an offense under this subsection shall be sentenced by the court to a term of imprisonment.

A-0861-18T3

which does require a second or subsequent violation. The period of incarceration is not enhanced because of the second DWI conviction; it is the same minimum period under subsection a or b of the statute.

While defendant challenges his sentence to a 180-day custodial term, he does not appeal his underlying convictions for violating N.J.S.A. 2C:40-26(b). We do not agree with defendant that Laurick applies in this context. "The only constitutional limit [on enhanced penalties] is that a defendant may not suffer an increased period of incarceration as a result of a Rodriquez[4] violation that led to an uncounseled DWI conviction." Laurick, 120 N.J. at 17. However, there was "no constitutional impediment to the use of the prior uncounseled DWI conviction to establish repeat-offender status under DWI laws." Id. at 4. Laurick is a DWI case; it did not involve a conviction under N.J.S.A. 2C:40-26 for operating while suspended.

Defendant's argument here is that since his DWI convictions were uncounseled, they cannot be used in any context involving a loss of liberty. However, the Court expressly observed in Laurick that "[t]he significance of the ruling lies in the progressively enhanced penalties that second and third

---

[4] Rodriguez v. Rosenblatt, 58 N.J. 281, 295 (1971) (providing for a right to counsel when a defendant is exposed to a "consequence of magnitude").

offenders receive under our drunk driving laws[,]" citing to N.J.S.A. 39:4-50. Laurick, 120 N.J. at 5. There is no indication the case included statutes such as N.J.S.A. 2C:40-26 that required a minimum sentence. In fact, N.J.S.A. 2C:40-26 was not effective until 2009. See L. 200, c. 333, § 1. There is no basis for expanding the scope of Laurick to a conviction under N.J.S.A. 2C:40-26(b).

Defendant's reliance on State v. Faison is misplaced. 452 N.J. Super. 390 (App. Div. 2017). In Faison, the defendant pleaded guilty to two DWIs but both were vacated following PCR petitions. Id. at 392. Defendant then was re-convicted of only one DWI. Ibid. The court further found the State could not prove a violation of N.J.S.A. 2C:40-26(b) because the defendant only had one DWI conviction, not the required two or more. Id. at 394. The court found a conviction under N.J.S.A. 2C:40-26(b) would constitute a "miscarriage of justice[,]" adding that "sentencing defendant to the minimum imprisonment of 180 days under N.J.S.A. 2C:40-26(c) would bring about 'an increased period of incarceration as a result of . . . an uncounseled DWI conviction.'" Id. at 395 (alteration in original) (quoting Laurick, 120 N.J. at 16).

This case differs from Faison. Defendant's convictions for DWI were not vacated by the PCR orders. These multiple DWI convictions supported his conviction under N.J.S.A. 2C:40-26(b). Faison's statement about sentencing the

defendant to an increased period of incarceration was a reference to incarceration when the statutory elements were not present.

In State v. Sylvester, 437 N.J. Super. 1, 3 (App. Div. 2014), the defendant had three DWI convictions and based on the 2011 conviction, her license was suspended for two years. The 2011 DWI was vacated based on a PCR petition. Ibid. However, she pleaded guilty to the 2011 DWI once again and her license was suspended. Ibid. She was indicted in 2012 under N.J.S.A. 2C:40-26(b) for operating a motor vehicle while suspended. Ibid. We rejected as "without merit" the argument that her conviction was "voided . . . ab initio, thus precluding the State from relying on this conviction to meet its burden of proof . . . ." Id. at 6. When she was arrested, she had to know her license was suspended. Ibid. We also rejected her argument that Laurick applied, concluding "[t]he Court's remedy in Laurick applied only to the custodial term required for repeat offenders in a DWI conviction under N.J.S.A. 39:4-50." Id. at 7. It was inapplicable in Sylvester because there the defendant "was convicted of . . . violating N.J.S.A. 2C:40-26b." Ibid. There was no basis to dismiss the indictment because she had at least two DWIs.

This defendant's driver's license was suspended for two years based on his conviction in 2016 for refusing to take a breathalyzer test. See N.J.S.A. 39:4-

50.4a.  This was his third DWI related conviction.  His license was suspended when he was stopped on April 6, 2017, in Allenhurst, on April 25, 2017, in Keansburg and on March 20, 2018, again in Keansburg.  All the elements of the statute were satisfied.  Defendant was, therefore, properly convicted under N.J.S.A. 2C:40-26(b), and the mandatory period of incarceration applies.

In light of our decision, we vacate the October 26, 2018 order staying the mandatory custodial term ordered by the trial court.  Defendant must report within ten days from the date of this opinion to serve his sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0861-18T3