**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2012-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS GILLAS, a/k/a
ATHANSIO GILLAS,

    Defendant-Appellant.

_____

Submitted April 24, 2024 – Decided October 11, 2024

Before Judges Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 20-01-0090.

Caruso Smith Picini, PC, attorneys for appellant (Nicole L. Atlak, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Hudson E. Knight, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

WALCOTT-HENDERSON, J.S.C. (temporarily assigned).

Defendant Thomas Gillas appeals from a February 24, 2023 judgment of conviction for operating a motor vehicle during a period of a license suspension for a second or subsequent conviction for driving while intoxicated (DWI), contrary to the provisions of N.J.S.A. 2C:40-26(b). Defendant also appeals from a February 10, 2023 order denying his motion to dismiss the indictment. We reverse.

On March 19, 2019, defendant was driving a vehicle when he was pulled over by Sayreville police. Defendant could not produce registration documents for the vehicle, told police the vehicle belonged to a friend, and admitted that he did not have a valid driver's license. During the stop, the officers were advised by police dispatch that defendant's driver's license was suspended. Officers arrested defendant and issued two motor-vehicle summonses: one for driving while suspended in violation of N.J.S.A. 39:3-40; and one for operating an unregistered vehicle in violation of N.J.S.A. 39:3-4. There is no dispute defendant had prior DWI convictions in 1983, 1989, 2004, and 2010 and, at the time of the motor vehicle stop, was serving a ten-year license suspension under N.J.S.A. 39:4-50 that had been imposed for the 2010 conviction.

On January 16, 2020, a Middlesex County grand jury returned a one-count

indictment charging defendant with fourth-degree operating a motor vehicle during a period of license suspension for a second or subsequent violation of N.J.S.A. 39:4-50 or N.J.S.A. 39:4-50.4, contrary to the provisions of N.J.S.A. 2C:40-26(b).

The State had presented evidence to the grand jury that ten years earlier—on February 13, 2010—defendant had been arrested for a DWI offense for which he had later pleaded guilty and received a court-imposed ten-year license suspension, which was still in effect on May 19, 2019, when the Sayreville police officers arrested defendant for the offense of operating a motor vehicle during a license suspension for a second or subsequent DWI conviction that resulted in the indictment at issue here.

Following the January 16, 2020 indictment, defendant moved to vacate his prior 2010 DWI conviction on the basis that he had not given a factual basis to support the elements of the DWI offense. One year later, the Law Division vacated defendant's 2010 DWI conviction and remanded the matter to the municipal court for disposition.

On December 27, 2021, defendant again pleaded guilty to the 2010 DWI charge and the municipal court imposed a two-year suspension of his driver's

license, fines and penalties of $819.00, and thirty days of community service.[1] The court also ordered that the imposed two-year license suspension was retroactive to August 2, 2010—the date of his original guilty plea. The effect of the judge's imposition of a retroactive license suspension was that defendant had actually served the suspension during the two years commencing on August 2, 2010, and ending on August 1, 2012.

Thereafter, defendant moved to dismiss the January 16, 2020 indictment charging him with fourth-degree operating a motor vehicle during a period of license suspension for a second or subsequent violation of N.J.S.A. 39:4-50—DWI—under N.J.S.A. 2C:40-26(b), arguing that:

> because the two-year license suspension from the 2010 conviction was deemed served on August 2, 2012, effectively seven years prior to his arrest on March 19, 2019[,] . . . the indictment was deficient as it was premised upon a non-existent suspension for [a] DWI, and therefore lacking a requisite element to support the only count charged.

On November 17, 2022, the court denied defendant's motion to dismiss

---

[1] The transcript of defendant's December 27, 2021 guilty plea and sentence is not a part of the record on appeal. We therefore are unable to determine the basis for the court's imposition of a two-year license suspension for what was defendant's fourth DWI conviction, and the record does not reflect an appeal of defendant's sentence by the State.

the January 16, 2020 indictment and concluded that "defendant was arrested with an actively suspended license . . . because of a third DWI on March 19, 2019."[2] The court reasoned that although the 2010 DWI conviction had been vacated on January 14, 2021, on March 19, 2019, "defendant knowingly drove [on] an actively suspended license" for a second or subsequent DWI conviction. In denying the motion, the court also relied on our holding in State v. Sylvester, 437 N.J. Super. 1, 6-7 (App. Div. 2014), in which we found that a second DWI conviction vacated by a court through post-conviction relief (PCR) after a defendant engages in conduct prohibited in N.J.S.A. 2C:40-26(b) cannot be applied retroactively to bar a subsequent conviction under that statute.

The Sylvester court "focused on the fact that defendant had an actively suspended license and drove regardless." There, although the defendant had argued the order vacating her third DWI conviction rendered the conviction void ab initio and precluded the State from relying on that earlier conviction to meet its burden of proof under N.J.S.A. 2C:40-26(b), id. at 5, we determined that

---

[2] We again note that based on the record presented on appeal, it appears defendant's 2010 offense constituted a fourth, not a third, violation of N.J.S.A. 3:50-4. The distinction, and potential error by the motion court in referring to the offense as a third DWI is not relevant to our disposition of the appeal because the 2021 sentence imposed for the 2010 offense included only a two-year license suspension instead of the ten-year period of suspension originally imposed in 2010.

"compliance with judicial orders" served to "promote order and respect for the judicial process" and "as long as a court order exists and a defendant has knowledge of it, that defendant may be prosecuted for a violation thereof, regardless of its deficiencies," id. at 6 (quoting State v. Gandhi, 201 N.J. 161, 190 (2010)).

Here, the motion court rejected defendant's reliance on our holding in State v. Faison, 452 N.J. Super. 390, 394-95 (App. Div. 2017), where we reversed the defendant's conviction for operating a motor vehicle with a suspended license from a second DWI conviction because, before trial, the defendant successfully moved to vacate one of the two DWI convictions, "resulting in only one DWI conviction at the time the Law Division found him guilty of driving while suspended for a second [DWI]." Id. at 395. In Faison, the defendant had argued that the vacated DWI conviction could not serve as a predicate offense for the Section 26(b) charge. Id. at 392. We agreed, finding it would be a "miscarriage of justice" to convict the defendant of violating N.J.S.A. 2C:40-26(c) where, based on post-arrest vacations of prior DWI convictions, the defendant effectively had had only one prior DWI conviction when he was alleged to have committed the criminal offense under the statute. Id. at 395.

In its consideration of defendant's motion to dismiss the indictment here, the court stated Faison had "distinguished [Sylvester] because the second DWI conviction [in Faison] had been vacated and not later re-pleaded to before the grand jury returned the indictment."  However, the motion court reasoned that "[a]s noted in [Sylvester], compliance with judicial orders is required unless excused from the order's requirements," and denied defendant's motion.

On January 13, 2023, defendant entered a guilty plea to fourth-degree operating a motor vehicle during a license suspension for a second or subsequent violation of N.J.S.A. 39:4-50, contrary to the provisions of N.J.S.A. 2C:40-26(b).  Defendant preserved for appeal the issue of whether the retroactivity of the shortened license suspension imposed following his December 21, 2021 plea to the 2010 DWI offense precluded a finding he had violated N.J.S.A. 2C:40-26(b) by driving in 2019 during a period of license suspension on a second or subsequent DWI conviction that had been vacated and, following his 2019 plea of guilty to the 2010 offense, had resulted in a license suspension that ended in 2012.

On February 24, 2023, the court imposed a mandatory 180-day term of incarceration without any eligibility for parole, a $1,000 fine, and one-year license suspension.  The court entered the judgment of conviction on February

7

28, 2023, but stayed sentencing pending defendant's appeal from the denial of his motion to dismiss the indictment.

Defendant appealed, raising the following argument:

POINT I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S APPLICATION FOR DISMISSAL OF THE INDICTMENT AND IN ITS RELIANCE UPON THE HOLDING OF [SYLVESTER,] AS IT IS INAPPLICABLE TO THE FACTS OF THIS CASE AND LEADS TO AN UNCONSTITUTIONAL RESULT AND CONVICTION.

Defendant's argument rests entirely on the premise that the court erred by failing to acknowledge that by virtue of the 2021 vacatur of his 2010 DWI conviction, his subsequent 2021 plea to the 2010 DWI charge, and the court's imposition of a retroactive two-year license suspension that ended in 2012, the State cannot prove that in March 2019 he drove a vehicle during a period of license suspension for a second or subsequent DWI conviction. Defendant argues the court therefore erred by denying his motion to dismiss the indictment because the State had failed to present sufficient evidence before the grand jury establishing his license was suspended at the time of the charged offense under N.J.S.A. 2C:40-26(b).

The State contends defendant drove a vehicle while his driver's license

was suspended, which "served as the factual basis" for the indictment because "the predicate DWI conviction contemplated by N.J.S.A. 2C:40-26(b) still exists and still existed at the time of the offense, despite the reduced length of the resulting license suspension," after defendant re-pleaded in 2021 to the 2010 charge.

Our review of a trial court's decision to dismiss an indictment is deferential and is determined under an abuse-of-discretion standard. State v. Twiggs, 233 N.J. 513, 532 (2018) (citing State v. Hogan, 144 N.J. 216, 228-29 (1996)). "When a decision to dismiss hinges on a purely legal question, however, our review is de novo and we need not defer to the motion court's interpretations." State v. Campione, 462 N.J. Super. 466, 492 (App. Div. 2020) (citing Twiggs, 233 N.J. at 532). Moreover, "'[b]ecause grand jury proceedings are entitled to a presumption of validity,' [a] defendant bears the burden of demonstrating the prosecutor's conduct requires dismissal of the indictment." State v. Majewski, 450 N.J. Super. 353, 365 (App. Div. 2017) (first alteration in original) (quoting State v. Francis, 191 N.J. 571, 587 (2007)).

"A prosecutor must charge the grand jury 'as to the elements of specific offenses[,]'" State v. Eldakroury, 439 N.J. Super. 304, 309 (App. Div. 2015) (quoting State v. Triestman, 416 N.J. Super. 195, 205 (App. Div. 2010)), and

must "'present proof of every element of an offense'" such that a grand jury could reasonably believe that the crime occurred and that the defendant committed it, Campione, 462 N.J. Super at 491-92 (quoting State v. Dorn, 233 N.J. 81, 94 (2018)). Thus, "[a] court 'should not disturb an indictment if there is some evidence establishing each element of the crime to make out a prima facie case.'" State v. Saavedra, 222 N.J. 39, 57 (2015) (quoting State v. Morrison, 188 N.J. 2, 12 (2006)).

N.J.S.A. 2C:40-26(b) provides: "[i]t shall be a crime of the fourth degree to operate a motor vehicle during the period of license suspension in violation of [N.J.S.A.] 39:3-40, if the actor's license was suspended or revoked for a second or subsequent [DWI]."[3] A conviction under the statute requires the imposition of significant penal consequences. Subsection (b) of N.J.S.A. 2C:40-26 incorporates by reference the prescribed sentencing consequences under N.J.S.A. 39:3-40. N.J.S.A. 39:3-40 provides in part as follows:

> . . . .
>
> b. Upon conviction for a second offense, a fine of $750.00, imprisonment in the county jail for at least one but not more than five days and, if the second offense

---

[3] "Although N.J.S.A. 39:3-40 and N.J.S.A. 2C:40-26 are not found within the same title of the Code, they operate in tandem to establish escalating consequences for the same conduct . . . ." State v. Konecny, 250 N.J. 321, 337 (2022).

involves the operation of a motor vehicle during a period when the violator's driver's license is suspended and that second offense occurs within five years of a conviction for that same offense, revocation of the violator's motor vehicle registration privilege in accordance with the provisions of sections 2 through 6 of P.L. 1995, c. 286 [codified at N.J.S.A. 39:3-40.1 to -40.5];

c. Upon conviction for a third offense or subsequent offense, a fine of $1,000.00 and imprisonment in the county jail for [ten] days.  If the third or a subsequent offense involves the operation of a motor vehicle during a period when the violator's driver's license is suspended and the third or subsequent offense occurs within five years of a conviction for the same offense, revocation of the violator's motor vehicle registration privilege in accordance with the provisions of sections 2 through 6 of P.L. 1995, c. 286 [codified at N.J.S.A. 39:3-40.1 to -40.5];

. . . .

f. (3) In addition to any penalty imposed under the provisions of subsections a. through e. of this section and paragraphs (1) and (2) of this subsection, a person shall have his license to operate a motor vehicle suspended for an additional period of not less than one year or more than two years, which period shall commence upon the completion of any prison sentence upon that person, shall be fined $500 and shall be imprisoned for a period of 60 to 90 days for a first offense, imprisoned for a period of 120 to 150 days for a second offense, and imprisoned for 180 days for a third or subsequent offense . . .

[N.J.S.A. 39:3-40.]

11

In pertinent part, N.J.S.A. 2C:40-26 provides:

. . . .

> b. It shall be a crime of the fourth degree to operate a motor vehicle during the period of license suspension in violation of [N.J.S.A.] 39:3-40, if the actor's license was suspended or revoked for a second or subsequent violation of [N.J.S.A.] 39:4-50 . . . . A person convicted of an offense under this subsection shall be sentenced by the court to a term of imprisonment.
>
> c. [I]f a person is convicted of a crime under this section the sentence imposed shall include a fixed minimum sentence of not less than 180 days during which the defendant shall not be eligible for parole.
>
> [N.J.S.A. 2C:40-26 (emphasis added).]

The State argues the court correctly found it had presented sufficient evidence to the grand jury to establish a prima facie case under N.J.S.A. 2C:40-26(b). Relying on our decision in Sylvester, 437 N.J. Super. 1, the State also argues that PCR cannot retroactively modify or ignore the facts and circumstances supporting the elements of a criminal offense under N.J.S.A. 2C:40-26(c) that were extant when the offense was allegedly committed to avoid criminal prosecution for the crime.

The motion court ultimately rejected defendant's attack on the sufficiency of the indictment for substantially the same reasons we articulated in Sylvester: that the record stipulated by the parties showed that defendant had driven

knowing that her license had been suspended for ten years in 2010 for a second or subsequent DWI; and the vacation of her second DWI conviction through PCR after she had engaged in conduct prohibited in N.J.S.A. 2C:40-26(b) cannot be applied retroactively to bar a conviction.

In Sylvester, the defendant had three prior DWI convictions, and her license had been suspended for her third DWI when she committed the offense. Sylvester, 437 N.J. Super. at 3, 7. During the pendency of the State's prosecution for the N.J.S.A. 2C:40-26(b) offense, the defendant successfully moved to vacate her third DWI conviction. Id. at 4. Sylvester then re-pleaded to the same offense, and the court imposed the same sentence— including the identical two-year term of license suspension that had been imposed on her prior conviction for the same offense. Ibid.

The defendant moved to dismiss the indictment on the same grounds defendant relies on here. Sylvester argued that the order vacating her third DWI conviction rendered the conviction void ab initio and precluded the State from relying on that earlier conviction to meet its burden of proof under N.J.S.A. 2C:40-26(b). Ibid.

At the subsequent bench trial, the defendant stipulated that she knew her license had been suspended pursuant to a presumptively valid court order when

she drove her car and was arrested for the new offense. Id. at 7. The trial court rejected the defendant's argument that PCR granted by the municipal court vacating an underlying DWI conviction required a finding the defendant had not violated N.J.S.A. 2C:40-26(b). Moreover, the trial court noted the Supreme Court's admonition in State v. Gandhi that "compliance with judicial orders" served to "promote order and respect for the judicial process" and "as long as a court order exists and a defendant has knowledge of it, the defendant may be prosecuted for a violation thereof, regardless of its deficiencies." 201 N.J. at 190. We therefore reasoned that based on Sylvester's stipulation to driving her car "knowing that her driving privileges had been suspended for two years approximately nineteen months earlier . . . her actions can be reasonably characterized as contemptuous of the court's authority." Sylvester, 437 N.J. Super. at 6-7.

Defendant argues that we should apply the reasoning of Faison rather than Sylvester. In Faison, the defendant had two DWI convictions, and while his license was suspended for the second DWI offense, he was arrested for a third offense. 452 N.J. Super. at 394. The State charged him with one count of fourth-degree operating a motor vehicle during a period of license suspension or

revocation for a second or subsequent DWI violation under N.J.S.A. 39:4-50, contrary to the provisions of N.J.S.A. 2C:40-26(b).  Id. at 392.

Although the defendants in Sylvester and Faison had obtained PCR vacating prior DWI convictions, the defendant in Faison was not reconvicted of both DWI charges.  Id. at 394.  Rather, the defendant pleaded guilty to one charge and the court dismissed the other.  Ibid.  Therefore, at the time the defendant was tried and convicted of violating N.J.S.A. 2C:40-26(b), his second DWI conviction had been vacated.  Ibid.  He argued that the vacated DWI conviction could not serve as a predicate offense supporting a conviction under N.J.S.A. 2C:40-26(b).  Ibid.

Finding that the State therefore could not prove an element of the crime charged—a second or subsequent DWI conviction—we reversed defendant's conviction under N.J.S.A. 2C:40-26(b), concluding that to do otherwise would result in a "miscarriage of justice" even though he had otherwise driven in violation of an order suspending his license for what had been, when the order was entered, a second or subsequent DWI conviction.  Id. at 395-96.  We remanded for sentencing on defendant's conviction for the motor vehicle offense of driving while suspended, N.J.S.A. 39:3-40.  Ibid.

In Konecny, the Supreme Court addressed "whether obtaining traditional [PCR] on a prior DWI conviction precludes the State from using that conviction as a predicate to a Section 26(b)." Konecny, 250 N.J. at 327. In Konecny, the Court ruled on a related question involving whether the State is permitted to use prior uncounseled DWI convictions as a predicate offense to increase a custodial sentence for a later driving while suspended (DWS) conviction under N.J.S.A. 2C:40-26(b). Ibid.; see also State v. Laurick, 120 N.J. 1, 575 (1990) (holding that prior uncounseled DWI convictions in violation of N.J.S.A. 39:4-50 cannot be used to enhance a custodial sentence for a second or subsequent DWI offense). The Court nonetheless addressed an issue very similar to that before us on appeal, stating "[f]rom the parties' briefings and oral argument emerged an additional legal question of great importance in this context: whether obtaining traditional [PCR] on a prior DWI conviction precludes the State from using that conviction as a predicate to a Section 26(b) prosecution." Konecny, 250 N.J. at 327.

And, after reviewing Sylvester and Faison, the Court stated:

> We agree that if a conviction is vacated through PCR, and the State does not initiate a second prosecution or the matter is otherwise dismissed, that conviction cannot then serve as a basis for charging a defendant with another offense. Fundamental fairness simply cannot abide such a result. One of the elements of a

Section 26(b) prosecution requires that the defendant have two or more convictions for DWI or Refusal. See N.J.S.A. 2C:40-26(b). If, at the time of the prosecution, the State cannot establish that element of the offense because one or more of the predicate convictions has been voided through PCR, the prosecution cannot proceed. The State remains free to challenge those who drive while suspended with contempt of the court order prescribing their suspension.

[Id. at 344 (emphasis added).]

Although the facts of Konecny are not on all fours with the facts of this case, we find compelling the Court's reasoning and holding based on its concern for "[f]undamental fairness" in the application of N.J.S.A. 2C:40-26(c). Ibid.

We recognize that the facts here are distinguishable from the facts in Sylvester and Faison. Unlike the defendant in Faison but like the defendant in Sylvester, defendant re-entered a guilty plea to the same DWI offense that served as the predicate second or subsequent DWI conviction for the State's prosecution of him under N.J.S.A. 2C:40-26(c). Like the defendant in Sylvester, defendant had re-entered a guilty plea to the earlier DWI charge and knew his license was suspended pursuant to a presumptively valid order of suspension when he drove in March 2019. The difference here, however, is that when the defendant in Sylvester re-entered a guilty plea to the DWI offense, she received the identical license-suspension term that the municipal court had originally

imposed and was charged under N.J.S.A. 2C:40-26 with driving during that period of license suspension. Here, when defendant re-entered a guilty plea to the DWI offense, he received a significantly shorter term of license suspension—two years down from ten years—which was made retroactive to 2010 and ended in 2012, and he was charged under N.J.S.A. 2C:40-26(c) for driving in 2019, seven years after the period of license suspension that had been imposed for his 2010 fourth DWI offense had ended.

When defendant committed the offense in March 2019, the 2010 judicial order suspending his license was in full force and effect and remained so until its vacatur in 2021. However, the order vacating the 2010 DWI conviction, defendant's subsequent 2021 plea to the 2010 offense, and the court's imposition of a two-year license suspension that ended in 2012, presents unique circumstances establishing the ten-year license suspension imposed in 2010 should never have been imposed. Defendant's driving privileges should therefore have been restored in 2012, and based on the vacatur of the original 2010 suspension and defendant's sentencing following his 2021 plea to the 2010 offense, defendant's driving privileges were effectively not suspended in 2019.

Although the factual circumstances are not identical, defendant here is in a similar legal position to the defendants in Faison and Konecny; by virtue of

obtaining relief from his 2010 DWI conviction in the form of a license suspension that ended in 2012, the State cannot establish an essential element of the charged offense—that he was driving while suspended for a second or subsequent DWI when he was charged in 2019. As noted, in <u>Faison</u>, we found that to charge a defendant under N.J.S.A. 2C:40-26(c) in similar circumstances constituted a miscarriage of justice and the Court in <u>Konecny</u> found fundamental fairness could not abide. We discern no basis for a different result here.

As the <u>Konecny</u> Court discussed, there are heightened penalties when an offender operates a motor vehicle during a period of license suspension imposed following a second or subsequent conviction for DWI, as is the case here, including criminal penalties under N.J.S.A. 2C:40-26(a). 250 N.J. at 337. Those penalties are not insignificant. Defendant was sentenced to a 180-day jail term. If his conviction is not reversed, he must serve that sentence without any eligibility for parole. N.J.S.A. 2C:40-26(c).

We recognize that defendant's 2010 DWI conviction was ultimately reinstated when he again pleaded guilty to the charge, but the same thoughtful principles relied on by the Court in <u>Konecny</u> apply here. There is no dispute that the 2021 vacatur of the 2010 guilty plea to DWI, and the subsequent plea and resentence resulted in a two-year license suspension that ended in 2012.

Thus, the State cannot establish that defendant operated a motor vehicle during a valid period of license suspension; an essential element of the crime charged against defendant under N.J.S.A. 2C:40-26(b). And, we are convinced it would be fundamentally unfair to hold otherwise and subject defendant to the statutory penalty of 180-days incarceration without eligibility for parole when the original 2010 conviction and ten-year license suspension on which the State's indictment was based has been vacated. See Konecny, 250 N.J. at 338. We therefore reject the State's arguments that there is "an adequate factual basis to support the indictment" or that the holding in Sylvester should apply because the defendant was "reconvicted of the DWI charge at issue." See ibid.

Moreover, the possible imposition of a 180-day term of incarceration for a conviction under N.J.S.A. 2C:40-26 based on a predicate license suspension that was vacated, and where the subsequent plea to the 2010 DWI offense resulted in the imposition of a period of license suspension that ended in 2012, challenges our notions of fundamental fairness. In Konecny, the Court considered as much in discussing the breadth of the statutory penalties for driving without a license both in the context of DWI and non-DWI cases and the consequences of multiple violations of the DWI statute and associated progressive penalties for multiple DWI convictions. See id. at 337. The Court

specifically referenced the "greater loss of liberty" the defendant would have been faced with "had he not had the prior convictions." Id. at 337-38.

We also have no quarrel with the enhanced criminal penalties imposed by the Legislature for individuals who drive during periods of license suspension for second or subsequent DWI convictions. Defendant has four prior DWI convictions; three occurring prior to the 2010 conviction, and it is not our intention to trivialize the import of his prior convictions or his disregard of an order of suspension that, as it turns out, was based on an invalid 2010 conviction and imposition of an invalid period of suspension, and the application of any penalties that may correctly be imposed against him. We further consider that had defendant been convicted of driving without a license during a valid suspension period, he would be subject to the enhanced penalties, including 180-days incarceration without eligibility for parole. We, however, cannot ignore that the State's indictment is based on a ten-year license suspension which was vacated and replaced with a two-year license suspension that had ended long before defendant was charged with a suspension violation in 2019. Because that result is fundamentally unfair, we are persuaded the motion court erred in denying defendant's motion to dismiss the indictment and, accordingly, the February 24, 2023 judgment of conviction should be vacated.

In sum, defendant has established the court erred by denying his motion to dismiss the indictment, and we reverse that order. Because we reverse that order, we vacate the February 24, 2023 judgment of conviction.

Reversed and vacated.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2012-22