SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**State v. Michael A. Konecny (A-21-20) (084880)**

**Argued September 13, 2021 -- Decided April 5, 2022**

**PIERRE-LOUIS, J., writing for a unanimous Court.**

In State v. Laurick, the Court held that prior uncounseled convictions for driving while intoxicated (DWI) cannot be used to enhance a custodial sentence for a second or subsequent DWI offense. 120 N.J. 1 (1990). In this case, the Court considers whether Laurick relief also prohibits prior uncounseled DWI convictions from serving as predicates to increase a custodial sentence for a later driving while suspended (DWS) conviction under N.J.S.A. 2C:40-26(b) (Section 26(b)).

Defendant Michael Konecny was convicted of DWI in 1986, and he pled guilty to another DWI offense in 1999. In 2014, defendant was arrested and charged with offenses including DWI and one count of refusal to take a breathalyzer test (Refusal). In 2016, defendant appeared in Middletown Township Municipal Court and pled guilty to the Refusal charge; his license was suspended for two years. During that period of suspension, defendant drove and was stopped by police on three separate occasions, resulting in three separate DWS charges under Section 26(b).

In April 2018, defendant pled guilty to all three Section 26(b) charges in Superior Court. The State, in turn, agreed to recommend that defendant be sentenced to 180 days on each count -- the statutory mandatory minimum period for a Section 26(b) conviction for a second or subsequent DWI or Refusal offense. Defendant then filed motions for post-conviction relief (PCR) regarding his 1999 DWI conviction as well as his 2016 Refusal conviction. Both petitions, made in the form of attorney certifications, alleged ineffective assistance of counsel as the basis for PCR.

In July 2018, defendant appeared before the Middletown Township Municipal Court in connection with his PCR motion for his 1999 offense. Although the prosecutor acknowledged that they were before the court on defendant's PCR motion regarding ineffective assistance of counsel, the prosecutor made additional statements characterizing the motion as one seeking relief pursuant to Laurick. The court held that defendant's 1999 counsel was constitutionally ineffective and that,

1

therefore, "the [1999] conviction should not be used as indicated in Laurick for enhancement of any penalties." The court stated that it would enter an order to that effect and styled its decision as "grant[ing] PCR relief."

Two days later, defendant appeared before the Union Beach Municipal Court on the PCR motion related to his 2016 Refusal conviction. Defense counsel represented that he had "prepared an updated order, because that is seeking PCR, this updated order [is] only seeking a Laurick order." In response, the municipal court judge said, "this one I'll sign, the other one I wouldn't have," and proceeded to sign the Laurick order.

Both municipal court orders specifically stated that the convictions were not to "be used to enhance any subsequent conviction" under either N.J.S.A. 39:3-40 or Section 26(b), pursuant to Laurick.

The Monmouth County Superior Court, however, found that Laurick relief was limited to sentencing for DWI convictions and could not be extended to Section 26(b) convictions. It sentenced defendant to 180 days' imprisonment, and the Appellate Division affirmed. The Court granted certification. 244 N.J. 344 (2020).

**HELD:** Laurick relief and the principles underlying the prohibition against the use of uncounseled DWI convictions extend to the enhanced sentencing scheme in Section 26(b), and prior uncounseled convictions cannot be used as predicates to increase a loss of liberty for DWS. Furthermore, if a defendant obtains traditional PCR on a prior DWI or Refusal conviction and the State does not pursue a second prosecution, that vacated conviction cannot be used as a predicate in a Section 26(b) prosecution. In the present case, however, defendant was not entitled to Laurick relief in the first instance because he had counsel during his prior proceedings. Laurick is available only to defendants who were without counsel and not advised of their right to counsel during their DWI-related prosecutions.

1. The Court reviews in detail the DWI, Refusal, and DWS statutes. In 2009, the Legislature created two DWS-related offenses targeting individuals with repeated violations of alcohol-related traffic laws. Section 26(b), which is at issue in this appeal, created a fourth-degree offense for (1) operating a motor vehicle (2) during a period of license suspension, when (3) that suspension was imposed for a "second or subsequent violation" of DWI or Refusal. When those circumstances are met, a 180-day minimum sentence applies. See N.J.S.A. 2C:40-26(c). (pp. 14-18)

2. In considering whether Laurick relief can apply to Section 26(b) convictions, the Court first rejects the argument that the 180-day sentence prescribed by Section 26 is a mandatory minimum sentence distinct from the enhanced penalties imposed by the DWI statute for multiple convictions. Upon close review of the statutes, the

2

Court finds no principled distinction between the two sentencing schemes. And although the facts of Laurick dealt with DWI convictions, nothing in the opinion limited its right-to-counsel principles to DWI matters. If a defendant obtains Laurick relief on a prior DWI or Refusal conviction, fairness dictates that the conviction upon which relief was granted cannot be used to increase that defendant's sentence for DWS to 180 days' imprisonment. (pp. 18-19)

3. Here, however, defendant was not entitled to Laurick relief on either his 1999 or his 2016 conviction based on his ineffective assistance of counsel claims. The Laurick Court held "that an uncounseled conviction without waiver of the right to counsel is invalid for the purpose of increasing a defendant's loss of liberty." 120 N.J. at 16. Laurick created a special form of PCR that does not vacate the conviction, as in traditional PCR, but simply prevents the use of an uncounseled and unreliable DWI conviction to enhance a subsequent sentence. Id. at 4-5. But Laurick relief is available only to defendants whose DWI convictions were uncounseled. In the present case, defendant unquestionably had counsel during the prior proceedings at issue, and the municipal courts erred in granting defendant Laurick relief. The Court therefore affirms defendant's sentence. (pp. 20-25)

4. The petition defendant originally filed for PCR alleging ineffective assistance of counsel was the appropriate motion here. Accordingly, defendant was required to abide by the general principles governing post-conviction relief and the five-year time-bar in the absence of excusable neglect. The Court explains how those principles operate in the context of defendant's claims. (pp. 25-26)

5. Turning to the effect of vacating a conviction through PCR, the Court finds that if the State does not initiate a second prosecution or the matter is otherwise dismissed, the vacated conviction cannot then serve as a basis for charging a defendant with another offense. Thus, a conviction vacated through PCR cannot be used as a predicate for a Section 26(b) prosecution. (pp. 26-29)

6. The Court considers the language of Rule 7:10-2, which covers PCR in municipal court. Stressing that Rule 7:10-2(g) is specifically reserved for relief pursuant to Laurick for prior uncounseled convictions, not traditional PCR which is subject to the five-year time limitation of Rule 7:10-2(b), the Court asks the Municipal Court Practice Committee to propose an amendment to Rule 7:10-2(g) to make clear that it is limited to Laurick relief. (pp. 29-31)

**AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES ALBIN, PATTERSON, and SOLOMON join in JUSTICE PIERRE-LOUIS's opinion.**

3

State of New Jersey,

Plaintiff-Respondent,

v.

Michael A. Konecny,

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided |
|---|---|
| September 13, 2021 | April 5, 2022 |

Patricia B. Quelch argued the cause for appellant
(Helmer, Conley & Kasselman, attorneys; Patricia B.
Quelch, of counsel and on the briefs).

Melinda Harrigan, Assistant Prosecutor, argued the cause
for respondent (Lori Linskey, Acting Monmouth County
Prosecutor, attorney; Maura K. Tully, Assistant
Prosecutor, of counsel and on the briefs).

Michael Gilberti argued the cause for amicus curiae
Association of Criminal Defense Lawyers of New Jersey
(Jardim, Meisner & Susser, attorneys; Michael Gilberti,
on the brief).

Lauren Bonfiglio, Deputy Attorney General, argued the
cause for amicus curiae Attorney General of New Jersey

(Andrew J. Bruck, Acting Attorney General, attorney; Lauren Bonfiglio, of counsel and on the brief).

JUSTICE PIERRE-LOUIS delivered the opinion of the Court.

In State v. Laurick, this Court held that prior uncounseled convictions for driving while intoxicated (DWI) in violation of N.J.S.A. 39:4-50 cannot be used to enhance a custodial sentence for a second or subsequent DWI offense. 120 N.J. 1 (1990). In this case, we are asked to determine whether Laurick relief also prohibits prior uncounseled DWI convictions from serving as predicates to increase a custodial sentence for a later driving while suspended (DWS) conviction under N.J.S.A. 2C:40-26(b) (Section 26(b)).

After two DWI convictions and a conviction for refusal to submit to a breathalyzer test (Refusal) in violation of N.J.S.A. 39:4-50.4(a), defendant Michael Konecny's license was suspended. During that period of license suspension, defendant was pulled over while driving and charged with DWS.

Defendant pled guilty to DWS, but, before he was sentenced, two different municipal courts granted him Laurick relief on his most recent DWI conviction and on his Refusal conviction, respectively, based on his claim of ineffective assistance of counsel. The orders specifically noted that the prior convictions could not be used to increase a term of imprisonment for a

2

subsequent DWI or a conviction under Section 26(b) pursuant to this Court's holding in Laurick.

Notwithstanding the Laurick relief orders that defendant obtained in municipal court, the trial court sentenced defendant to 180 days' imprisonment for his DWS conviction and held that Laurick relief was limited to sentencing for DWI convictions and did not extend to Section 26(b). On appeal, the Appellate Division affirmed defendant's sentence and agreed with the trial court that Laurick relief is unavailable in a Section 26(b) setting.

We granted certification to determine whether Laurick prohibits prior uncounseled DWI convictions from being used to impose enhanced custodial sentences under Section 26(b). From the parties' briefings and oral argument emerged an additional legal question of great importance in this context: whether obtaining traditional post-conviction relief (PCR) on a prior DWI conviction precludes the State from using that conviction as a predicate to a Section 26(b) prosecution.

We now hold that Laurick relief, and the principles underlying the prohibition against the use of uncounseled DWI convictions, extend to the enhanced sentencing scheme in Section 26(b), and that prior uncounseled convictions cannot be used as predicates to increase a loss of liberty for DWS. Furthermore, if a defendant obtains traditional PCR on a prior DWI or Refusal

3

conviction and the State does not pursue a second prosecution, that vacated conviction cannot be used as a predicate in a Section 26(b) prosecution.

In the present case, however, defendant was not entitled to Laurick relief in the first instance because he had counsel during his prior proceedings. Laurick is available only to defendants who were without counsel and not advised of their right to counsel during their DWI-related prosecutions. Because defendant had counsel, the municipal courts erred in granting Laurick relief. We therefore affirm defendant's sentence.

We also refer to the Municipal Court Practice Committee an amendment to Rule 7:10-2(g) that would clarify that the Rule is specific to Laurick relief for uncounseled convictions and not traditional PCR.

## I.

## A.

In 1986, defendant was convicted of DWI in Hamilton Township. In 1999, defendant pled guilty to one DWI count in Middletown Township. On December 11, 2014, defendant was arrested in Middletown Township and charged with several offenses, including DWI and one count of Refusal. On April 27, 2016, defendant appeared in Middletown Township Municipal Court and pled guilty to the Refusal charge. Given his 1999 DWI conviction and the remoteness of his 1986 conviction, the municipal court treated defendant as a

4

second-time offender and suspended his driver's license for two years pursuant to N.J.S.A. 39:4-50(a)(2).[1]

During that period of suspension, defendant drove and was stopped by police on three separate occasions, resulting in three separate DWS charges under Section 26(b).

On April 16, 2018, defendant pled guilty to all three Section 26(b) charges in Superior Court. The State, in turn, agreed to recommend that defendant be sentenced to 180 days on each count -- the statutory mandatory minimum period for a Section 26(b) conviction, see N.J.S.A. 2C:40-26(c). The State recommended that the counts run concurrently, with no parole eligibility. The trial court accepted defendant's guilty plea and scheduled sentencing for August 17, 2018.

After pleading guilty to the Section 26(b) charges, but before sentencing, defendant filed motions for PCR regarding his 1999 DWI conviction as well as his 2016 Refusal conviction. Both petitions, made in the form of attorney certifications, alleged ineffective assistance of counsel as the basis for PCR.

---

[1] The record does not detail the full scope of penalties imposed in the 1999 conviction but notes that defendant's license was suspended for that offense. As will be discussed fully below, N.J.S.A. 39:4-50(a)(2) imposes numerous mandatory penalties in addition to license suspension for second-time offenders.

5

On July 9, 2018, defendant appeared before the Middletown Township Municipal Court in connection with his PCR motion for his 1999 offense. The State acknowledged that defense counsel never requested or received discovery. Additionally, defense counsel was, at the time of the PCR hearing, disbarred and no longer practicing law. The State noted that defendant was "seeking relief for ineffectiveness of counsel on the [1999] conviction" because the lack of discovery "is almost per se ineffectiveness of counsel." Although the prosecutor acknowledged that they were before the court on defendant's PCR motion regarding ineffective assistance of counsel, the prosecutor made additional statements characterizing the motion as one seeking relief pursuant to Laurick. In Laurick, this Court held that a prior uncounseled DWI conviction could not serve as a predicate for an enhanced sentence in a subsequent DWI. 120 N.J. at 16.

During the hearing, raising Laurick for what appears to be the first time over the course of defendant's matter, the prosecutor noted that the relief defendant sought was relevant to the present prosecution "on the issue of whether or not a Laurick argument is effective in (inaudible) six-month sentence that currently (inaudible)." Although some of the prosecutor's statements were inaudible on the record, he appeared to be referring to the 180-day sentence defendant was facing on his Section 26(b) guilty pleas. The

6

State placed on the record its lack of objection "to [an] order, a <u>Laurick</u> order being entered if, for purposes you can just avoid the six months in jail he would pay the fines or whatever (inaudible) 2C:40-26." Defense counsel agreed with the State's interpretation and asked the Court to enter the order.

The municipal court acknowledged receipt of defendant's PCR motion, which relied on <u>State v. Faison</u>, 452 N.J. Super. 390, 394-95 (App. Div. 2017), in which the Appellate Division held that a prior DWI conviction for which a defendant obtained PCR could not serve as a predicate in a Section 26(b) prosecution. The municipal court interpreted <u>Faison</u> "to extend <u>Laurick</u> relief to" Section 26(b). The court then held that defendant's 1999 counsel was constitutionally ineffective and that, therefore, "the [1999] conviction should not be used as indicated in <u>Laurick</u> for enhancement of any penalties." The court stated that it would enter an order to that effect and styled its decision as "grant[ing] PCR relief."

Two days later, on July 11, 2018, defendant appeared before the Union Beach Municipal Court on the PCR motion related to his 2016 Refusal conviction.[2] Defense counsel represented that he had "prepared an updated order, because that is seeking PCR, this updated order [is] only seeking a

---

[2] Although the offense took place in Middletown, the PCR proceeding was heard in Union Beach Municipal Court due to a conflict of interest.

7

Laurick order." In response, the municipal court judge said, "this one I'll sign, the other one I wouldn't have," and proceeded to sign the Laurick order.

Both municipal court orders specifically stated that the convictions were not to "be used to enhance any subsequent conviction" under either N.J.S.A. 39:3-40 or Section 26(b), pursuant to Laurick.

B.

On October 23, 2018, defendant appeared in Monmouth County Superior Court for sentencing on the three Section 26(b) offenses. Defendant asked the court to impose a sentence consistent with the plea agreement, 180 days, but argued in the alternative that Laurick relief applied to the Section 26(b) convictions.[3] Defendant argued that Faison stood for the proposition that it would violate Laurick to sentence an individual to the minimum 180 days' imprisonment pursuant to Section 26(c) based on prior uncounseled DWI and Refusal convictions. Defendant maintained that basing such a sentence on prior uncounseled convictions would constitute an "increased period of incarceration" under Laurick, because he would receive a longer sentence than for a typical DWS conviction. According to defendant, he could only be

___

[3] At sentencing, seemingly in an effort to preserve the issue for appeal, defense counsel requested permission "to address the issue of a custodial sentence," asking "for a brief opportunity to put some comments on the record" for "the purposes of preserving the record."

8

sentenced to a custodial term for a typical DWS charge, plus any non-custodial penalties that resulted from the Section 26(b) conviction.

Notwithstanding defendant's argument, the trial court sentenced defendant to 180 days in the county jail without parole, in accordance with the plea agreement. The court distinguished defendant's circumstances from Faison, as the underlying convictions in Faison had been entirely vacated through PCR -- they had not been made unusable for sentencing purposes through Laurick. The court agreed with the State that Faison and State v. Sylvester, 437 N.J. Super. 1 (App. Div. 2014), limited Laurick relief to sentencing for DWI convictions, and it held that Laurick could not be extended to Section 26(b) convictions. The sentencing court reasoned that Section 26 was distinguishable from DWI because the former involved a mandatory minimum sentence rather than an enhanced sentence.

### C.

Defendant appealed, arguing that Laurick relief applies to Section 26(b) convictions, so he should not have received the enhanced sentence of 180 days' imprisonment. In an unpublished opinion, the Appellate Division affirmed defendant's sentence. The court held that Laurick did not apply to defendant's convictions because Laurick was a DWI case and did not involve a DWS conviction. The court reviewed Section 26(b) and emphasized that

9

defendant's conduct satisfied every element of the statute. The Appellate Division explained that because N.J.S.A. 2C:40-26(c) established a minimum 180-day sentence for both Section 26(a) and Section 26(b), and only the latter required multiple DWI or Refusal convictions, "[t]he period of incarceration is not enhanced because of [defendant's] second DWI conviction; it is the same minimum period under subsection a or b of the statute."

The Appellate Division emphasized the language in Laurick that "[t]he significance of the ruling lies in the progressively enhanced penalties that second and third offenders receive under our drunk driving laws." The court found that defendant's reliance on Faison was misplaced, as that case involved past DWI convictions that had been vacated entirely through traditional PCR. The court also distinguished Sylvester, which upheld a conviction under Section 26(b) even though the defendant in that matter received PCR on the conviction that triggered her license suspension. The Appellate Division concluded that Section 26(b) was properly applied to defendant's conduct and that the mandatory period of incarceration applies.

We granted defendant's petition for certification on whether Laurick relief applies to his Section 26(b) convictions. 244 N.J. 344 (2020). We also granted leave to participate as amici curiae to the Association of Criminal

10

Defense Lawyers of New Jersey (ACDL) and to the Attorney General of New Jersey.

## II.

## A.

Defendant argues that the Appellate Division erred in limiting <u>Laurick</u> relief to DWI and Refusal convictions because <u>Laurick</u>'s rationale should apply equally to Section 26(b) convictions. According to defendant, <u>Laurick</u>'s principle of disallowing uncounseled convictions to serve as a predicate for an enhanced sentence is not limited to DWI convictions and has been applied in various contexts besides DWI. Defendant contends that there is no rational basis for precluding its application to Section 26(b), which he analogizes to an enhanced sentencing statute because it transforms a motor vehicle violation into an indictable fourth-degree crime.

Defendant argues that no term of imprisonment may be enhanced by an uncounseled conviction, including his 1999 and 2016 convictions. Defendant also contends that <u>Faison</u> and <u>Sylvester</u>, ostensibly the only two cases challenging the validity of an element for a Section 26(b) offense, are in conflict. Defendant asks this Court to apply <u>Faison</u>'s rationale because, according to defendant, it is closer to <u>Laurick</u>'s core holding.

11

The ACDL supports defendant's position and argues that Section 26 should be regarded as an enhanced sentencing provision for N.J.S.A. 39:3-40. The ACDL contends that Section 26 does not exist independently from the underlying DWI offenses.

B.

The State argues that the Appellate Division properly affirmed defendant's sentence. The municipal court orders, the State contends, erroneously granted Laurick relief to defendant because he was represented by counsel during his 1999 DWI and 2016 Refusal matters, precluding the orders' binding effect. The State suggests that New Jersey courts have never recognized Laurick relief in any context other than that of an individual who lacks notice of the right to counsel and is prejudiced by the absence of representation. The State notes that in State v. Patel, 239 N.J. 424 (2019), this Court distinguished Laurick relief from traditional PCR. According to the State, PCR is both broader -- in absolving defendants of criminal and civil consequences of their convictions -- and narrower, through its five-year time bar.

Even if we were to accept the orders as binding, the State argues, we should not construe Laurick relief to bar defendant's prosecution under Section 26(b). According to the State, such an extension of Laurick would allow

12

repeat DWI offenders to avoid the consequences of deliberately continuing to drive while their license is suspended. The State contends that it was the Legislature's intent and prerogative to ensure that repeat DWI offenders receive a prison sentence for flouting the consequences of their DWI convictions.

The Attorney General supports the State's position. He argues that granting PCR for an underlying DWI-related conviction should not alter the fact that an individual charged under Section 26(b) was violating a court ordered suspension at the time of the offense. The Attorney General contends that Section 26(b)'s plain language supports subjecting a defendant to the mandatory 180-day sentence even if that defendant later obtains Laurick relief. According to the Attorney General, judicial orders have legal effect until they are vacated, and legal consequences attach to violating restraining orders and injunctions even if they are later proven defective. Thus, he asserts, defendant should be held accountable for violating Section 26(b) and sentenced accordingly because his license was suspended at the time he was charged.

### III.

Our review of a defendant's sentence is normally limited to the deferential abuse of discretion standard. State v. Fuentes, 217 N.J. 57, 70 (2014). In this matter, however, the parties and the prior courts have varying

13

interpretations of the case law governing the sentencing issues in this case, so we review those "issues of law de novo and owe no deference to the interpretive conclusions of either the Appellate Division or the Law Division." Patel, 239 N.J. at 435.

This appeal involves the interrelation of three distinct offenses connected to the use of an automobile while intoxicated: DWI, Refusal, and DWS. The following is a summary of those statutes.

## A.

First, a DWI offense is committed when an individual "operates a motor vehicle while under the influence of intoxicating liquor . . . [or] with a blood alcohol concentration of 0.08% or more." N.J.S.A. 39:4-50(a). An individual convicted of DWI faces a series of civil and penal consequences. See generally N.J.S.A. 39:4-50. Defendants convicted of their first DWI are, among other penalties, required to install an ignition interlock device and, if they were found to have driven with a blood-alcohol content of 0.15% or higher, are subject to a license suspension of four to six months. Id. at (a)(1). Conviction of a second DWI results in a license suspension for one to two years, id. at (a)(2), while a third conviction triggers a license suspension of eight years, id. at (a)(3).

The sentencing range for DWI offenders also increases based on past DWI convictions. Upon a defendant's first conviction for DWI, the court has discretion to impose a term of imprisonment of not more than 30 days. Id. at (a)(1). For a second DWI conviction, the defendant must be sentenced to a term of imprisonment lasting between a minimum of 48 consecutive hours and a maximum of 90 days. Id. at (a)(2). For a third or subsequent DWI conviction, a defendant must be sentenced to a minimum of 180 days in a county jail or workhouse, although up to 90 days of that time may be served in an approved rehabilitation program. Id. at (a)(3). The statute also features a "step-down" clause which provides that

> if the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes.
>
> [N.J.S.A. 39:4-50(a).][4]

Second, a Refusal offense is committed by declining to submit to a breathalyzer test after being arrested for DWI. See N.J.S.A. 39:4-50.4(a). Defendants convicted of Refusal must install an ignition lock and face

---

[4] In the present case, defendant was treated as a second-time offender during his 2016 Refusal conviction because of the remoteness of his first DWI conviction in 1986.

15

progressively increasing periods of license suspension with each conviction. Ibid. Refusal convictions do not enhance the penalties an individual faces for subsequent DWI convictions. See State v. Ciancaglini, 204 N.J. 597, 610-11 (2011).

Lastly, and at the center of this appeal, is DWS, which occurs when an individual operates a motor vehicle while his or her license has been suspended in violation of N.J.S.A. 39:3-40. A defendant's first DWS violation is punishable by a $500 fine but no jail time.[5] Id. at (a). A second violation is punishable by a fine of $750 and a one-to-five-day period of imprisonment in county jail. Id. at (b). A third violation is punishable by a fine of $1,000 and ten days of imprisonment in county jail. Id. at (c).

N.J.S.A. 39:3-40 also heightens penalties when an offender operates a vehicle during a period of license suspension imposed following a conviction for DWI or Refusal. A defendant who commits DWS in that context receives an additional license suspension of one to two years, an additional $500 fine, and a term of imprisonment in the county jail of ten to ninety days. Id. at (f)(2).

---

[5] Individuals also face an extension of their license suspension or, for persistent DWS offenders, revocation of their driving privileges entirely. See N.J.S.A. 39:3-40(b) to (d).

16

In 2009, the Legislature created two additional DWS-related offenses targeting individuals with repeated violations of alcohol-related traffic laws. L. 2009, c. 333. N.J.S.A. 2C:40-26(a) prescribes a fourth-degree offense where an actor (1) operates a motor vehicle (2) during a period of license suspension imposed for DWI or Refusal, and (3) "the actor had previously been convicted of violating [DWS] while under suspension for that first offense." Section 26(b), which is at issue in this appeal, created a fourth-degree offense for (1) operating a motor vehicle (2) during a period of license suspension, and (3) that suspension was imposed for a "second or subsequent violation" of DWI or Refusal.

Section 26(c) provides that "[n]otwithstanding the term of imprisonment provided under N.J.S.A. 2C:43-6 and [N.J.S.A. 2C:44-1(e)], if a person is convicted of a crime under this section the sentence imposed shall include a fixed minimum sentence of not less than 180 days during which the defendant shall not be eligible for parole." In sum, the minimum sentence of 180 days' imprisonment is triggered pursuant to Section 26(a) when the defendant has been convicted of DWS pursuant to N.J.S.A. 39:3-40 after a suspension that resulted from a DWI or Refusal conviction. To trigger the 180-day sentence pursuant to Section 26(b), the defendant must be found to have operated a vehicle during a period of suspension after two or more DWI or Refusal

17

convictions. Whereas the penalties for DWS pursuant to N.J.S.A. 39:3-40 yield at most a ten-to-ninety-day sentence, see N.J.S.A. 39:3-40(f)(2), under Section 26(c), those penalties are increased based on the repeated nature of the underlying offenses that led to the license suspension in the first place.

IV.

A.

We interpret and apply those statutes in considering the legal question posed in defendant's petition: whether Laurick relief extends to Section 26(b) convictions.

The State attempts to distinguish the progressive penalties for multiple DWI convictions as enhanced penalties in that statute but claims the 180-day sentence prescribed by Section 26 is a mandatory minimum sentence, not an enhanced penalty. That distinction places form over substance.

An individual charged with a first DWS violation whose suspension was not triggered by a DWI or Refusal conviction faces only a fine of $500. N.J.S.A. 39:3-40(a). An individual who drives while suspended after being convicted of DWI, but who has no other prior DWI convictions, faces imprisonment for ten to ninety days. N.J.S.A. 39:3-40(f)(2). An individual who drives while their license is suspended after a second or subsequent DWI faces a minimum of 180 days' imprisonment under Section 26. N.J.S.A.

18

2C:40-26(b), (c). Although N.J.S.A. 39:3-40 and N.J.S.A. 2C:40-26 are not found within the same title of the Code, they operate in tandem to establish escalating consequences for the same conduct -- driving while suspended -- based on a defendant's number of past DWI or Refusal convictions. That is exactly what the DWI statute accomplishes with its enhanced sentencing scale. There is no principled distinction between the two sentencing schemes.

And it is hardly the case that Section 26(b) is a purely distinct offense separate and apart from N.J.S.A. 39:3-40, given the fact that Section 26 specifically incorporates that statute by reference. See N.J.S.A. 2C:40-26(b) ("It shall be a crime of the fourth degree to operate a motor vehicle during the period of license suspension in violation of [N.J.S.A.] 39:3-40 . . . ." (emphasis added)).

Pursuant to Section 26(b), a defendant convicted of DWS after two or more DWI or Refusal convictions is subject to a greater loss of liberty than he would have been had he not had the prior convictions. Although the facts of Laurick dealt with DWI convictions, nothing in the opinion limited its right-to-counsel principles to DWI matters. If a defendant obtains Laurick relief on a prior DWI or Refusal conviction, fairness dictates that the conviction upon which relief was granted cannot be used to increase that defendant's sentence for DWS to 180 days' imprisonment.

19

In sum, we hold that a conviction for which a defendant has been granted Laurick relief cannot be used to increase a DWS sentence pursuant to Section 26(b).

B.

Here, however, defendant was not entitled to Laurick relief on either his 1999 or his 2016 conviction based on his ineffective assistance of counsel claims.

In Laurick, this Court held that a defendant's prior uncounseled DWI convictions could not be used to enhance the custodial sentence for a subsequent DWI conviction. 120 N.J. at 16. In that case, the defendant pled guilty to a DWI charge in municipal court after having been convicted of DWI several years earlier. Id. at 6. The defendant argued that at the time of that guilty plea, he was "unrepresented by counsel, unaware of his right to counsel, and uninformed of that right by the previous judge." Ibid. This, the defendant alleged, was a violation of his rights under Rodriguez v. Rosenblatt, 58 N.J. 281 (1971), where this Court held that defendants must be informed of not only their right to counsel, but of the right to appointed counsel if indigent "because the penalties for a DWI conviction constitute consequences of magnitude." Patel, 239 N.J. at 437 (citing Rodriguez, 58 N.J. at 295).

20

This Court held that DWI convictions obtained under these circumstances -- where the defendant was not represented by counsel and not informed of his right to counsel -- could not be used to subject defendants to enhanced, recidivist penalties for subsequent DWI convictions. Laurick, 120 N.J. at 16. The Court determined "that an uncounseled conviction without waiver of the right to counsel is invalid for the purpose of increasing a defendant's loss of liberty." Ibid. The Court noted, however, that "[i]t is constitutionally permissible that a prior uncounseled DWI conviction may establish repeat-offender status for purposes of the enhanced penalty provisions." Ibid. Accordingly, while "the enhanced administrative penalties and fines" for second or subsequent DWI convictions could constitutionally be imposed based on a prior uncounseled conviction, "the actual period of incarceration imposed may not exceed that for any counseled DWI convictions." Ibid.

To be clear, Laurick created a special form of PCR that does not vacate the conviction, as in traditional PCR, but simply prevents the use of an uncounseled and unreliable DWI conviction to enhance a subsequent sentence. Id. at 4-5. After obtaining Laurick relief, the DWI conviction remains intact but cannot be used to increase a subsequent incarceration. Id. at 16.

The Court further noted "the difficulty in reviewing such dispositions more than three years after the fact when transcripts or tapes of the proceedings are no longer available," but reasoned that "[s]ometimes notation of an attorney's entry of an appearance may be in the case file," and that "any available police records may . . . [contain] the evidence bearing on guilt or innocence." Id. at 12. Where "the only issue is whether the uncounseled plea precluded imposition of an additional loss of liberty," the Court explained, "[r]esolution . . . will ordinarily be simpler and more straightforward." Ibid. In light of those concerns, the Court directed municipal courts to note on the judgment of conviction that a defendant received a Rodriguez notice. Ibid.

As is clear from the opinion, Laurick relief is available to defendants whose DWI convictions were uncounseled. All of this Court's caselaw applying Laurick relief dealt with proceedings in which the defendant did not have counsel, was not informed of the right to counsel, or was not told that counsel would be provided if the defendant could not afford an attorney. In State v. Hrycak, this Court reaffirmed its holding in Laurick despite the United States Supreme Court's ruling in Nichols v. United States, 511 U.S. 738 (1994), that "federal law does not prohibit the use of a prior uncounseled conviction for enhancement of a subsequent conviction." 184 N.J. 351, 362-63 (2005). In Patel, this Court ruled that the proofs for indigent and non-indigent

22

defendants are the same in making a motion for <u>Laurick</u> relief.  239 N.J. at 443-44.  The Court in <u>Patel</u> also removed the requirement that petitions for <u>Laurick</u> relief must be filed within five years of the entry of the judgment of conviction.  <u>Id.</u> at 447-48.

In the present case, defendant unquestionably had counsel during the prior proceedings at issue.  The municipal courts, therefore, erred in granting defendant <u>Laurick</u> relief.  Defendant's applications for relief on his 1999 DWI and 2016 Refusal convictions were solely petitions for PCR seeking to vacate his convictions.  Nowhere in defendant's filings in those matters did he cite to <u>Laurick</u> or argue that he was entitled to <u>Laurick</u> relief.  In fact, defendant specifically stated that the legal authority pursuant to which the relief applications were made included caselaw that dealt solely with traditional PCR in citing to <u>State v. Preciose</u>, 129 N.J. 451 (1992), and <u>State v. Mitchell</u>, 126 N.J. 565 (1992).  Defendant's PCR petitions made no mention of defendant being uncounseled during those prior proceedings and, on the contrary, made numerous allegations regarding defense counsel's alleged deficient performance during defendant's 1999 and 2016 proceedings.

It appears from the limited transcript record that the first mention of <u>Laurick</u> relief came during the July 9, 2018 PCR hearing regarding the 1999 DWI conviction.  There, after acknowledging that the parties were before the

23

court because defendant "[sought] relief for ineffective assistance of counsel," the prosecutor noted the State's lack of objection to the entry of a <u>Laurick</u> order and the court entered the order. When defendant subsequently appeared at the PCR hearing for his 2016 Refusal conviction, counsel provided the court with an updated proposed order granting <u>Laurick</u> relief because the proposed order originally submitted with defendant's petition apparently asked for PCR relief only.

It is unclear exactly what transpired in both hearings because the sparse record does not contain a complete account of all the proceedings and any potential discussions off the record, but defendant's PCR motions were somehow converted into motions seeking <u>Laurick</u> relief for uncounseled convictions. That was incorrect. Defendant had counsel during both proceedings that resulted in his 1999 and 2016 convictions. There is no question that he was aware of his right to counsel because he was, in fact, represented by counsel.

It bears repeating that defendant was mistakenly awarded <u>Laurick</u> relief when his original motions were for PCR predicated on the alleged ineffective assistance of counsel. Yet, defendant now argues that <u>Laurick</u> relief is the appropriate remedy because counsel was so ineffective, it was <u>as if</u> defendant was not represented at all. That is simply not the standard for <u>Laurick</u> relief.

24

As a threshold matter, <u>Laurick</u> requires that defendant was not represented by counsel and not advised of his right to counsel at the time of his conviction.

We therefore affirm defendant's sentence because the municipal courts improperly granted defendant <u>Laurick</u> relief, which is reserved solely for situations in which a defendant is completely without counsel and unaware of his or her right to counsel.

## C.

The petition defendant originally filed for PCR alleging ineffective assistance of counsel was the appropriate motion here. Accordingly, defendant was required to "abide by the general principles governing post-conviction relief and the five-year time-bar in the absence of excusable neglect." <u>Patel</u>, 239 N.J. at 448. The PCR petition that defendant filed for his 1999 conviction was significantly out of time. <u>Rule</u> 7:10-2(b)(2) requires a PCR petition to be filed within five years of the entry of the judgment of conviction. Here, defendant filed his PCR petition for the 1999 DWI conviction in 2017 -- almost 20 years after the conviction -- well beyond the timeframe set forth in our Court rules and with no indication of excusable neglect.

On the other hand, defendant was within the five-year timeframe for filing his PCR petition regarding the 2016 Refusal conviction. It is not clear from the one-page transcript, however, whether the trial court considered and

25

rejected the ineffective assistance claim that was the basis of defendant's PCR petition, or whether the court never reached the claim, either through its reliance on Laurick or through a waiver by defendant of that PCR claim. Nor is it clear from the limited record whether the courts' erroneous reliance on Laurick would support an argument that defendant's delay in pursuing PCR -- which is now out-of-time as to the 2016 conviction -- can be attributed to "excusable neglect." R. 7:10-2(b)(2). If defendant chooses to refile his PCR petition regarding the 2016 conviction, the municipal court will have to determine whether defendant previously waived his PCR claim or whether the refiling is allowable due to excusable neglect. If the court finds excusable neglect, then it should consider whether defendant is entitled to PCR relief based on ineffective assistance of counsel, applying the familiar two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by this Court in State v. Fritz, 105 N.J. 42, 58 (1987). In any event, any future challenge to his 2016 Refusal conviction would not affect the outcome here because defendant has two prior DWI convictions from 1986 and 1999.

D.

This Court has yet to rule on the issue of whether a conviction vacated through PCR can serve as a predicate to a Section 26(b) prosecution. Two

26

Appellate Division decisions have considered that issue and arrived at conflicting holdings.

In State v. Sylvester, the Appellate Division upheld a conviction under Section 26(b) notwithstanding the defendant's receipt of PCR on one of her three DWI convictions. 437 N.J. Super. at 2-3. The defendant filed a motion to dismiss her indictment, arguing that her receipt of PCR had voided that DWI and the accompanying period of license suspension. Id. at 4. The Appellate Division rejected that argument on the ground that the defendant drove while "she knew her license was suspended pursuant to a presumptively valid court order," behavior "reasonably characterized as contemptuous of the court's authority." Id. at 7. The court also determined that this Court's remedy in Laurick "applied only to the custodial term required for repeat offenders in a DWI conviction under N.J.S.A. 39:4-50," not to Section 26(b) convictions. Ibid.

The Appellate Division reached the opposite result in State v. Faison, 452 N.J. Super. at 394-95. There, a different panel held that prior DWI convictions for which a defendant obtained PCR could not serve as predicate DWI convictions for a Section 26(b) prosecution. Id. at 395. The court noted that "convicting defendant of driving while suspended for a second or subsequent DWI conviction when he only has one prior DWI conviction would

constitute a miscarriage of justice." Id. at 395. The Appellate Division distinguished Sylvester in noting that, "by the time of [Faison's] trial on the [Section 26(b)] charge, he had only one prior DWI conviction," whereas the defendant in Sylvester had been re-convicted of the DWI for which she had obtained PCR. Id. at 394.

The State argues that Sylvester is the appropriate approach because, regardless of later relief or vacating of a conviction, for purposes of Section 26(b) offenses, the defendants drove in defiance of a then-valid court order suspending their license. Defendant, on the other hand, urges this Court to follow the reasoning of Faison that a vacated conviction through PCR cannot serve as a predicate for a Section 26(b) prosecution.

We agree that if a conviction is vacated through PCR, and the State does not initiate a second prosecution or the matter is otherwise dismissed, that conviction cannot then serve as a basis for charging a defendant with another offense. Fundamental fairness simply cannot abide such a result. One of the elements of a Section 26(b) prosecution requires that the defendant have two or more convictions for DWI or Refusal. See N.J.S.A. 2:40-26(b). If, at the time of the prosecution, the State cannot establish that element of the offense because one or more of the predicate convictions has been voided through PCR, the prosecution cannot proceed. The State remains free to challenge

28

those who drive while suspended with contempt of the court order prescribing their suspension. But the conviction -- unlike the order of suspension -- is erased when PCR is granted.

In sum, we hold that a conviction vacated through PCR cannot be used as a predicate for a Section 26(b) prosecution.

V.

Lastly, we turn to the language of Rule 7:10-2, which covers PCR in municipal court. As discussed, Laurick relief is different from traditional PCR, so in 2007, this Court adopted Rule 7:10-2(g) specifically in response to Laurick. Mun. Ct. Practice Comm. 2007-2009 Report 27 (2009). Rule 7:10-2(g) encompasses only those cases in which relief is sought due to an uncounseled conviction that could be used as a predicate for an enhanced sentence.

As the Committee on Municipal Court Practice noted in proposing Rule 7:10-2(g), the Rule sets forth the procedure for "seeking relief from the enhanced custodial term of a sentence based upon a prior un-counseled conviction in municipal court," a procedure that "was originally established by this Court in [Laurick]." Ibid. The Municipal Court Practice Committee's 2007-2009 Committee Report detailed the difference between Laurick relief and traditional PCR. One of the Committee's original proposals involved the

29

creation of a standalone rule, <u>Rule</u> 7:10-3, "to have a rule that specifically addressed the procedural issues associated with a <u>Laurick</u> application." <u>Ibid.</u> In the end, this Court approved the amendment to <u>Rule</u> 7:10-2 by including the newly added section (g), which was understood at the time to solely encompass <u>Laurick</u> relief for uncounseled convictions.

<u>Rule</u> 7:10-2(b)(2) covers traditional PCR and directs that a PCR petition in municipal court must be filed no more than five years after the entry of the judgment of conviction, unless the delay was a result of defendant's excusable neglect.

In <u>Patel</u>, this Court reasoned that an uncounseled DWI conviction only becomes ripe for challenge at some point in the future when the defendant is subject to increased penalties. <u>Id.</u> at 446-47. This Court reasoned that it would thus be illogical to apply the same five-year time limit mandated in traditional PCR matters to the filing of <u>Laurick</u> petitions. <u>Ibid.</u> The Court therefore made effective a recommendation from the Municipal Court Practice Committee allowing <u>Laurick</u> petitions to be filed at any time. <u>Id.</u> at 447; <u>see</u> <u>R.</u> 7:10-2(g).

We detail the history of the Rule to make clear that <u>Rule</u> 7:10-2(g) is specifically reserved for relief pursuant to <u>Laurick</u> for prior uncounseled convictions, <u>not</u> traditional PCR which is subject to the five-year time

30

limitation of <u>Rule</u> 7:10-2(b). A plain reading of the current version of <u>Rule</u> 7:10-2(g), however, does not explicitly reference <u>Laurick</u> or note that such relief is limited to situations in which a defendant was completely without counsel and not advised of his or her right to counsel. Such relief, as we have discussed at length, is not the same as a traditional ineffective assistance of counsel PCR claim. To avoid confusion regarding the time limitation applicable to traditional PCR with the ability to file a <u>Laurick</u> petition at any time, we ask the Municipal Court Practice Committee to propose an amendment to <u>Rule</u> 7:10-2(g) that would make clear that the relief sought in that section is relief pursuant to this Court's decision in <u>Laurick</u> only, and not traditional PCR.

VI.

For the foregoing reasons, we affirm as modified the Appellate Division's decision affirming defendant's sentence. We hold that a conviction for which <u>Laurick</u> relief has been granted cannot be used to enhance a DWS sentence pursuant to Section 26(b). We further hold that a conviction vacated through PCR proceedings cannot serve as a predicate for a Section 26(b) prosecution if the State chooses not to pursue a subsequent prosecution.

CHIEF JUSTICE RABNER and JUSTICES ALBIN, PATTERSON, and SOLOMON join in JUSTICE PIERRE-LOUIS's opinion.